William Monroe BROOKSHIRE, Appellant,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 979.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 17, 1974.

Benton Musslewhite, Brown, Musslewhite, Teed & Brown, Houston, for appellant.

Charles G. King, Bracewell & Patterson, Houston, for appellee.

COULSON, Justice.

This is an appeal from a summary judgment entered against appellant William Monroe Brookshire, plaintiff below, and for appellee, the Houston Independent School District. Appellant, an employee of appellee, sued for personal injuries caused by the allegedly negligent operation of a forklift at a warehouse owned and operated by appellee.

The sole question here is whether a forklift is a "motor vehicle" as that term is used in section 19A of the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Supp.1974).

Appellant alleges that he was injured as the result a fall, when a forklift, operated by a fellow employee, backed out from under a platform upon which appellant was standing and which was being held aloft by the forklift. Appellee moved for summary judgment, attaching the affidavit of Mr. Martin Robinson, appellee's supervisor of warehouses. Mr. Robinson called the forklift a "narrow aisle stacker" and stated that it was used to move and stack merchandise. Several forklifts are in use at the warehouse, and all are powered by electric batteries. The forks move up and down, and pallets are placed on them. Mr. Robinson stated that the forklifts have never been operated on any public street or road nor were they intended for such use. They have no lights of any kind and require neither a license registration nor a

licensed driver. The trial judge held, as a matter of law, that such a forklift was not a "motor vehicle" within the meaning of section 19A of the Texas Tort Claims Act and that no genuine issue of material fact existed.

Section 19A of the Texas Tort Claims Act provides in full: "The provisions of this Act shall not apply to school districts or to junior college districts except as to motor vehicles." The Act does not contain a definition of the term "motor vehicle." The Legislature has defined the term in four other acts, and appellant places great reliance upon the differences in these definitions of the same term. The Regulation of Vehicles Act, Tex.Rev.Civ.Stat.Ann. art. 6675a–1(a) (1969), provides for the registration of vehicles and defines "vehicle" as follows:

'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

"Motor vehicle" is then defined as a "self-propelled" vehicle. That part of the above act which provides for the licensing of drivers contains precisely the same definition. Tex.Rev.Civ.Stat.Ann. art. 6687b sec. 1(a) (1969). The Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat. Ann. art. 6701d sec. 2(a) (1969), defines a "vehicle" as follows:

Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks.

"Motor vehicle" is then defined as every vehicle which is "self-propelled." The Safety Responsibility Law, Tex.Rev.Civ. Stat.Ann. art. 6701h sec. 1(3) (Supp.1974) contains the following definition:

'Motor Vehicle'—Every self-propelled vehicle which is *designed* for use upon a highway, including trailers and semi-trailers *designed* for use with such vehicles (except traction engines, road rollers and graders, tractor cranes, power shovels, well drillers and implements of husbandry) and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails. [emphasis added]

The Motor Fuel Tax chapter of the Tax Code, Tex.Tax.-Gen.Ann. art. 9.01(2) (1969), V.A.T.S., provides:

'Motor vehicle' means every self-propelled vehicle *designed* for operation or required to be licensed for operation upon the public highway. Tractors, combines, and other vehicles not required to be so licensed shall be deemed to be motor vehicles to the extent they are operated upon the public highway with motor fuel on which the tax is required to be paid. [emphasis added]

The appellant acknowledges that a forklift is not a "motor vehicle" under the two definitions which employ the concept of being "designed" for use on the public roads. However, appellant argues that a forklift is a "motor vehicle" under the other two statutory definitions, because people and goods "may be transported" upon a highway by a forklift. He urges that any doubt should be resolved in his favor, because section 13 of the Texas Tort Claims Act calls for a liberal construction of the Act. It is also urged that, when conflicting statutory definitions are ignored, a forklift is a "motor vehicle" as that term is ordinarily and customarily defined.

None of the statutory definitions quoted above are controlling upon the question under consideration. When the Legislature defines a term in one statute and uses the same term in relation to the same subject matter in a later statute, it will be presumed that the latter use of the

term is in the same sense as previously defined. Brown v. Darden, 121 Tex. 495, 50 S.W.2d 261 (1932). However, the term "motor vehicle" as used in the Texas Tort Claims Act relates to the waiver of sovereign immunity and the assumption of tort liability; the four acts in which "motor vehicle" is defined are wholly unrelated to these subjects. A word defined in one act does not necessarily determine the word's meaning in another act dealing with a different subject. Gulf, C. & S. F. Ry. Co. v. Woods, 262 S.W. 229 (Tex.Civ.App.—Austin 1924, no writ).

■■ Even though no statutory definition is controlling here, we believe that such a forklift is not a "motor vehicle" either under the statutory definitions which appellant believes militate in his favor or under the common, ordinary meaning of the term. The definition of "vehicle" in Articles 6675a and 6701d must logically be said to implicitly contain the concept that the device was *designed* to transport people or property upon the public highway. If a vehicle is simply every device which conceivably "may be" used to transport persons or property, in the sense of "might" be used, then a vast array of self-propelled devices having no relation to the public highways would be included in these statutes governing the public roads and highways. The commonly understood meaning of "may be" when used in a statute is "in the future," unless a contrary intention appears from its use in the statute. Guerra de Chapa v. Allen, 119 F.Supp. 129 (S.D. Tex.1954).

■ One of the primary rules of statutory construction is that a term employed but not defined in a statute is to be given its ordinary and popular meaning. Numerous courts have given an ordinary and general definition to "motor vehicle" as used in insurance policies. In International Ins. Co. in N. Y. v. Hensley Steel Co., Inc., 497 S.W.2d 64 (Tex.Civ.App.—Waco 1973, no writ), a forklift was held not to

be a "motor vehicle" under an insurance policy which excluded motor vehicles from coverage. The court gave the ordinary and general definition of "motor vehicle" as "a self-propelled vehicle designed for, intended to be used for, or actually used to transport persons and property over roads or highways."

Appellant relies upon Davis v. National Casualty Co., 142 Tex. 29, 175 S.W.2d 957 (1943), which involved the definition of "motor vehicle" in an insurance policy according to its ordinary import. There a caterpillar tractor was pulling an oil derrick on rollers over a public highway. The Supreme Court observed that the statutory definitions of "vehicle" in Articles 6675a and 6687b were "substantially the same" as the definitions found in the cases when that term is given its general and ordinary meaning. The Court held that the tractor together with its derrick was a "vehicle," but nothing said therein conflicts with this Court's holding, since the tractor was obviously designed to be driven at times on the public highway and was actually so employed at the time of the accident. The Court did cite cases .from other jurisdictions which stated that a wheelbarrow, an ocean liner, a railroad car, and other devices could all be considered a "vehicle," but all of the Texas decisions defining the term according to its popular meaning (as well as all the statutory definitions) contain the concept of transit upon a public highway.

■ An additional ground for our holding presents itself when section 3 of the Tort Claims Act, the basic liability provision, is compared to section 19A, the provision that school districts are liable for "motor vehicles." Section 3 provides in pertinent part:

> Each unit of government in the state shall be liable for money damages . . . or personal injuries . . . when proximately caused by the negligence or wrongful act or omission of any officer

or employee acting within the scope of his employment or office arising from the operation or use of a *motor-driven vehicle and motor-driven equipment,* other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities, . . . under circumstances where such officer or employee would be personally liable to the claimant. . . . [emphasis added]

Section 19A states that school districts shall be liable for "motor vehicles," but makes no mention of "motor driven equipment." A forklift must logically be considered as either a "motor vehicle" or a piece of "motor driven equipment," and we believe that it is a piece of equipment as that term is ordinarily and popularly defined. The maxim "expressio unius est exclusio alterius" is frequently applied in the construction of statutes, and it means simply that the "inclusion of the specific limitation excludes all others." Harris County v. Crooker, 112 Tex. 450, 248 S.W. 652 (1923). The usual application of the maxim has been taken one step further in this act, because the Legislature itself has created liability for one class of devices in one section, while it has previously created liability for that class and a related class in a prior section of the same act.

Section 13 of the Act provides that the "Act shall be liberally construed to achieve the purposes hereof," but appellant places too great a reliance upon this injunction. The purpose of section 19A is obviously to create liability on the part of school districts solely for the operation of "motor vehicles." Section 13 does not give carte blanche to the courts to extend the tort liability of school districts beyond the category expressly recognized, nor to extend that category by defining the terms used to describe it beyond their usual and ordinary meaning.

Affirmed.