**Beatrice ZAMORA, Individually and as a Member of the Board of Trustees of Edgewood Independent School District, Appellant,**

v.

**EDGEWOOD INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 8354.

Court of Civil Appeals of Texas, Beaumont.

Dec. 6, 1979.

Rehearing Denied Jan. 10, 1980.

Al De La Garza, Jr., San Antonio, for appellant.

Donald J. Walheim, San Antonio, for appellees.

DIES, Chief Justice.

The sole issue presented by this appeal is whether a member of the Board of Trustees for a school district can tape record the proceedings of the Board in executive session against the wishes of the majority of the Board.

On May 29, 1978, there was held a lawfully convened emergency meeting of the Edgewood Independent School District Board of Trustees (hereafter, the Board). After the Board convened in an open meeting, it retired from the open meeting and went into executive session. Beatrice Zamora is a duly elected and qualified member of said Board.

As the executive session was about to get underway, Ms. Zamora proceeded to turn on her tape recorder. A majority of the members of the Board objected, and the Board later obtained a judgment by the trial court that "[t]he Defendant [Ms. Zamora] may not tape record executive sessions of Plaintiff's Board of Trustees meetings against the will of Plaintiff's Board of Trustees." From this judgment Ms. Zamora perfects this appeal.

The Open Meetings Act, *Tex.Rev.Civ. Stat.Ann. art. 6252–17 (Supp.1978–79)* permits executive or closed sessions in several situations. See, e. g., *Sec. 2(c), (e), (f), (g), (h), (j), (m), (n).*

We are of the opinion that significance should be attached to the fact that the Legislature specifically authorized the use of tape recorders at *public meetings* * while it made no similar provisions for use at executive sessions of the same public body. Lacking any definitive or helpful interpretations of the statute, we invoke one of the maxims of statutory construction.

---

* *Art. 6252–17, Sec. 2(i)* reads: "All or any part of the proceedings in any public meeting of any governmental body as defined hereinabove may be recorded by any person in attendance by means of a tape recorder or any other means of sonic reproduction."

Chief Justice Cureton, in *Harris County v. Crooker*, 112 Tex. 450, 248 S.W. 652, 655 (1923), used this language in solving a similar question.

"The rule expressio unius est exclusio alterius is a sound one, frequently applied in the construction of statutes, and is applicable here. The inclusion of the specific limitation excludes all others."

See also, *Brookshire v. Houston Independent School Dist.*, 508 S.W.2d 675, 679 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ).

Having specifically approved the use of the recording devices in the public meetings, the Legislature necessarily denied the use of such devices in executive sessions. The need for some subjects to be discussed in closed sessions is apparent and the Legislature recognized the importance thereof. To permit such private proceedings to be recorded against the desires of the majority of the Board would, we think, weaken or at times destroy the privacy required by an executive session. Appellant's points of error are overruled.

The judgment of the trial court is AFFIRMED.