**NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**Michael Ray WALLACE, Appellee.**

**No. 01–84–0147–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 5, 1984.

Kenneth N. Knox, Houston, for appellant.

Joe B. Young, Crawford, Grissom, Crow & Richards, Houston, for appellee.

Before SMITH, BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

The appellee sued the appellant, his insurer, under the personal injury protection (PIP) clause of his family automobile insurance policy seeking recovery for wages lost due to injuries sustained at work while he was driving a forklift. The question presented is whether the forklift was a "motor vehicle" as defined in the insurance policy.

The jury found that the forklift was a "motor vehicle" and that the lost wages exceeded the $2500 policy limit. The court entered judgment for the appellee for the policy limit of $2,500.00, plus a 12% statutory penalty of $300.00 and attorney's fees, as provided by Article 5.06–3 of the Texas Insurance Code.

The appellant first contends that the court erred in submitting the following special issue:

> Do you find ... that the forklift Michael Wallace was operating on May 14, 1980 was a "motor vehicle" as that phrase was used in the policy of insurance issued by National County Mutual Fire Insurance Company to Michael Wallace?
> By the phrase "motor vehicle" as used in this issue is meant a self-propelled vehicle designed for, intended for, or actually used to transport persons or property over roads or highways.

The appellant argues that the definition of "motor vehicle" should have been limited to a vehicle operated on a public road. At trial, the appellant requested the following two definitions of motor vehicle:

"Motor vehicle" means an automobile operated or designed for operation upon a public road.

"Motor vehicle" means an automobile and any other vehicle operated or designed for operation upon a public road.

The definition of "motor vehicle" in the PIP endorsement of the policy was "... an automobile and *any other vehicle*, including a trailer, *operated* or designed for operation upon *a public road* by any power other than animal or muscular power." (emphasis supplied)

■ The definition of "motor vehicle" given in the jury charge is the generally accepted meaning of the term. See *Brookshire v. Houston Independent School District*, 508 S.W.2d 675, 678 (Tex.Civ.App.— Houston [14th Dist.] 1974, no writ); *International Insurance Company in New York v. Hensley Electric Steel Company, Inc.*, 497 S.W.2d 64, 66 (Tex.Civ.App.— Waco 1973, no writ). In *Hensley,* and *Brookshire,* no statutory or contractual definition was controlling. *Brookshire, supra,* at 677; *Hensley, supra,* at 65. In the instant case, the PIP endorsement definition of "motor vehicle" includes the words "public road." However, that distinction is unimportant because, in this case, the uncontroverted evidence showed that the forklift in question had been operated on a public road. Thus, the use by the trial court of the ordinary meaning of motor vehicle, as opposed to its contractual definition, could not have harmed the appellant. The omission of the word "public" under these circumstances was not calculated to cause and probably did not cause rendition of an improper verdict. Tex.R.Civ.Pro. 434.

The appellant's first point of error is overruled.

The third point of error contends that the trial court erred in failing to grant a judgment notwithstanding the verdict because the evidence was both legally and factually insufficient to support the jury's finding that the forklift was a motor vehicle.

Appellant relies heavily on *Hensley,* and *Brookshire,* both *supra,* wherein those courts, using the same definition as in the instant case, held that a forklift was not a "motor vehicle". However, in neither *Hensley* nor *Brookshire* was there any evidence that the forklift was actually operated on a public road. In *Brookshire,* the evidence was expressly to the contrary. *Brookshire, supra,* at 676. Those courts held only that the forklifts therein were not designed or intended for operation on a public road. "It is not necessary to decide whether the forklift is *per se* a 'motor vehicle'. It is only necessary to determine if the exception in the policy was intended to treat the item as being a 'motor vehicle' under the terms of the policy." *International Insurance Company in New York v. Hensley Electric Steel Company, Inc., supra,* at 65. This is a vital difference from the instant case in which there is uncontroverted evidence from the appellee that the forklift had been operated on a public road. The trial court's definition of "motor vehicle" correctly included the policy definition of actual use. The appellee was not required under the policy definition to show that the forklift was designed for or intended for use on a public road.

■ In determining whether a judgment notwithstanding the verdict should have been granted, we must review the record to determine whether there is "some evidence" to support the jury's finding, viewing the evidence in the light most favorable to the finding. *Williams v. Bennett,* 610 S.W.2d 144 (Tex.1981). The appellee's testimony that the forklift was operated on a public road supports the jury's finding.

The appellant finally contends that the trial court erred in failing to grant its motion for judgment notwithstanding the verdict because the evidence conclusively established that the appellee rejected the personal injury protection coverage in the insurance policy.

Special issue number one read as follows: Do you find from ... that on May 14, 1980, Michael Wallace was covered by

the personal injury protection provision of the policy of insurance issued by National County Mutual Fire Insurance Company to Michael Wallace?

The jury found that the appellee was covered by the personal injury protection provision of the policy.

■ In order to justify overruling a motion for judgment notwithstanding the verdict there must be "some evidence", more than a scintilla, to support the jury's finding, and the evidence is viewed in the light most favorable to the finding. *Williams v. Bennett, supra.* There was evidence that the appellee rejected PIP coverage, namely, his signature on the first page of the policy application indicating that he rejected coverage. However, the same page of the application shows that PIP coverage was applied for, and the policy issued to the appellee included PIP coverage, for which a premium was charged and collected. The appellee testified that he never intended to reject PIP coverage, and, in fact, requested the coverage and paid for it. The appellant admitted that it issued the policy to the appellee. Thus, the evidence on the application is conflicting, but there is no conflict concerning the coverage afforded under the terms of the policy. When viewed in the light most favorable to the jury's finding, there is sufficient evidence to support the finding.

Point of error two is overruled.

The judgment is affirmed.

Justices Smith and Bass participating.