Honorable Tim R. Taylor Titus County Attorney P.O. Box 862 Mt. Pleasant, Texas 75455
Re: Whether a commissioners court may bar video cameras from a public meeting held under article 6252-17, V.T.C.S.
Dear Mr. Taylor:
You ask whether article 6252-17, V.T.C.S., the Texas Open Meetings Act, requires the commissioners court of Titus County to allow videotaping of its meetings.
The Open Meetings Act provides in part:
 All or any part of the proceedings in any public meeting of any governmental body as defined hereinabove may be recorded by any person in attendance by means of a tape recorder or any other means of sonic reproduction.
V.T.C.S. art. 6252-17, § 2(i). This provision first appeared in the 1973 revision of the Open Meetings Act. Acts 1973, 63rd Leg., ch. 31, § 2(i) at 46. The 1967 version of the Open Meetings Act did not expressly permit anyone to tape-record public meetings. Acts 1967, 60th Leg., ch. 271 at 597. A 1968 Attorney General Opinion considered whether the act required a commissioners court to allow its meetings to be broadcast live over the radio and taped for later broadcast. Attorney General Opinion M-180 (1968) determined that the phrase "open to the public" in section 1(a) of former article 6252-17, V.T.C.S., did not require the commissioners court to permit the live broadcast of its meetings or the taping thereof for later broadcast. See V.T.C.S. art. 6252-17, § 2(a) (present codification of quoted language). The commissioners court had authority to make reasonable rules and regulations for its meetings and could prohibit the broadcast or tape-recording of its meetings. Attorney General Opinion M-180 (1968).
A Texas court has considered whether a school trustee had a statutory right to tape-record executive session proceedings of the board of trustees. In Zamora v. Edgewood Independent School District, 592 S.W.2d 649 (Tex.Civ.App.-Beaumont 1979, writ ref'd n.r.e.), the court determined that the trustee had no right to tape-record those proceedings over the objection of a majority of board members. The court stated as follows:
 We are of the opinion that significance should be attached to the fact that the Legislature specifically authorized the use of tape recorders at public meetings while it made no similar provisions for use at executive sessions of the same public body. Lacking any definitive or helpful interpretations of the statute, we invoke one of the maxims of statutory construction. (Footnote deleted).
592 S.W.2d at 649. The court stated the rule expressio unius est exclusio alterius: The expression of a specific limitation excludes all others. It continued as follows:
 Having specifically approved the use of the recording devices in the public meetings, the Legislature necessarily denied the use of such devices in executive sessions.
Id. at 650.
Attorney General Opinion M-180 and Zamora v. Edgewood Independent School District support the proposition that the Open Meetings Act includes no implied right to tape-record meetings. Any such right must be based on express legislative authorization. These authorities also support the conclusion that the Open Meetings Act does not impliedly permit a member of the public to videotape public meetings.
The 1973 addition of section 2(i) to the act expressly granted members of the public the right to record meetings by a means of sonic reproduction. The dictionary defines "sonic" as follows: "utilizing, produced by, or relating to sound waves." Webster's Third New International Dictionary 2173 (1961). (Emphasis added). This provision does not give members of the public a right to videotape meetings. In the absence of a specific provision permitting a member of the public to record its meetings by videotape, the commissioners court may prevent the videotaping of its meetings held pursuant to the Open Meetings Act. See generally Attorney General Opinion H-188 (1973). The commissioners court may allow its public meetings to be videotaped, but the Open Meetings Act does not entitle members of the public to videotape the meetings over the objections of the court.
 SUMMARY
Article 6252-17, V.T.C.S., the Texas Open Meetings Act, does not require the commissioners court of Titus County to allow videotaping of its meetings.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan Garrison Assistant Attorney General