

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 22, 1996

Patti J. Patterson, M.D., MPH
Acting Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-425

Re: Whether a therapeutic optometrist may perform certain procedures (RQ-884)

Dear Dr. Patterson:

The Texas Optometry Act expressly forbids a therapeutic optometrist to perform surgery. The Texas Supreme Court has defined surgery to encompass only cutting operations, where the term was not defined otherwise by statute. You provide a list of eleven procedures and ask, in effect, if they constitute surgery and are therefore forbidden to a therapeutic optometrist. We conclude that a therapeutic optometrist may perform the listed procedures unless they involve cutting.

For purposes of the Texas Optometry Act,[1] the practice of therapeutic optometry involves using "objective or subjective means" to ascertain and measure the human eye's power of vision;[2] to examine and diagnose visual defects, abnormal conditions, and diseases of the human eye and adnexa; to prescribe or fix lenses or prisms[3] to correct or remedy a defect of abnormal condition of vision; to administer or prescribe a drug or physical treatment in accordance with the act; and to treat the eye and adnexa in accordance with the act.[4] The "adnexa," a term used in delimiting the scope of the practice of therapeutic optometry, means the lids and draining system of the eye.[5] Significantly, a therapeutic optometrist may not use surgery or laser surgery.[6] On the other hand, a therapeutic optometrist "may remove superficial foreign matter and

---

[1] V.T.C.S. arts. 4552-1.01 - 7.02.

[2] *See id.* art. 4552-1.02(2) (defining "ascertaining and measuring powers of vision of the human eye").

[3] *See id.* art. 4552-1.02(3) (defining "fitting lenses or prisms").

[4] *Id.* art. 4552-1.02(7).

[5] *Id.* art. 4552-1.02(8); *see also* STEDMAN'S MEDICAL DICTIONARY 26 (5th unabr. lawyers' ed. 1982) (defining "adnexa" generally as "appendages; parts accessory to main organ or structure" and "adnexa oculi" as "the eyelids, lacrimal glands, etc., associated with the eyeball").

[6] V.T.C.S. art. 4552-1.02(7).

eyelashes from the external eye or adnexa"[7] (so long as the removal does not involve surgery).

You list eleven procedures that you indicate the Texas Optometry Board has approved for a therapeutic optometrist to perform:

> Removal of foreign body, external eye; conjunctival embedded (includes concretions), subconjunctival, or scleral nonperforating

> Removal of foreign body, external; corneal, without slit lamp

> Removal of foreign body, external eye; corneal, with slit lamp

> Repair of laceration, application of tissue glue, wounds or cornea and/or sclera

> Scraping of cornea, diagnostic, for smear and/or culture

> Removal of embedded foreign body, eyelid

> Closure of lacrimal punctum; by thermocauterization [or] ligation

> Closure of the lacrimal punctum; by plug, each

> Dilation of lacrimal punctum, with or without irrigation, unilateral or bilateral

> Probing of nasolacrimal duct, with or without irrigation, unilateral or bilateral

> Probing of lacrimal calculi, with or without irrigation[8]

You suggest that the Texas Ophthalmologist Association believes each of these procedures is forbidden to therapeutic optometrists. The Ophthalmologist Association apparently contends that each procedure is within the "practice of medicine" and "surgery" for purposes of the Medical Practice Act.[9] But that act does not apply to a licensed optometrist who confines his or her practice strictly to optometry as defined under the Texas Optometry Act.[10] Thus, so long as a therapeutic optometrist performs only therapeutic optometry, as the Texas Optometry Act circumscribes that practice, he or she is beyond the reach of the Medical Practice Act.

---

[7]*Id.* art. 4552-1.03(b).

[8]We understand that you have taken your descriptions from the American Medical Association's *Physicians' Current Procedural Terminology* (1995).

[9]V.T.C.S. art. 4495b.

[10]*Id.* art. 4495b, § 3.06(b)(2).

Accordingly, the issue we must determine is whether the procedures you have listed are surgery, and therefore outside the scope of therapeutic optometry. While the Optometry Act does not define the term "surgery," the Medical Practice Act defines "surgery" to include any procedure "described in the surgery section of the Common Procedure Coding System as adopted by the Health Care Financing Administration of the United States Department of Health and Human Services."[11] All of the procedures you list are described in the surgery section of the *Physicians' Current Procedural Terminology '96*,[12] which the Health Care Financing Administration has adopted as the Common Procedure Coding System.[13] Thus, if the Medical Practice Act's definition of "surgery" applies to the Texas Optometry Act, we must conclude that all of the procedures about which you ask are surgery and that a therapeutic optometrist may not perform them.

In our opinion, however, the Medical Practice Act's definition of "surgery" does not apply to the Texas Optometry Act. Initially, section 1.03 of the Medical Practice Act limits the applicability of the definitions provided in that section, which includes the definition of "surgery," only to the Medical Practice Act.[14] Moreover, when the legislature excluded surgery from the practice of therapeutic optometry in 1991,[15] the Medical Practice Act did not define the term. Rather, the legislature added the definition of "surgery" to the Medical Practice Act in 1993.[16] We may import a statutory definition into only a later-enacted statute;[17] here, where the Optometry Act was enacted prior to the Medical Practice Act's definition of "surgery," we may not import the definition.

---

[11]*Id.* § 1.03(a)(15).

[12]*See* AMERICAN MEDICAL ASS'N, PHYSICIANS' CURRENT PROCEDURAL TERMINOLOGY '96 at 231-32, 240, 242 (1995).

[13]The Health Care Financing Administration's Common Procedure Coding System ("HCPCS") has three levels of codes. GARY M. KNAUS, CPT & HCPCS CODING FOR OPTIMAL REIMBURSEMENT 4 (1987). The first level, which classifies physician procedures and services, *see id.* at 7, is the American Medical Association's Current Procedural Terminology ("CPT"). *Id.* at 4. The second and third levels classify supplies, services, and procedures, *id.*; they are not at issue here.

[14]*See* V.T.C.S. art. 4495b, § 1.03(a).

[15]*See* Act of May 21, 1991, 72d Leg., R.S., ch. 588, § 1, 1991 Tex. Gen. Laws 2106, 2108.

[16]*See* Act of May 30, 1993, 73d Leg., R.S., ch. 862, § 1, 1993 Tex. Gen. Laws 3374, 3375. Indeed, the legislative history of the amendment adding the definition of "surgery" indicates that the amendment was directed particularly at physicians. *See* Debate on S.B. 1062 on the Floor of the House, 73d Leg., R.S. (May 17, 1993) (testimony of Rep. Alexander) (tape available from House Video/Audio Services Office).

[17]*See Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 677-78 (Tex. Civ. App.– Houston [14th Dist.] 1974, no writ) (citing *Brown v. Darden*, 50 S.W.2d 261 (Tex. 1932)).

Instead, we must define the term "surgery" to comport with its ordinary meaning.[18] The Texas Supreme Court has indicated that the word "surgery" embraces "only cutting operations,"[19] where the statute at issue has not defined the word otherwise. Accordingly, we conclude that, for purposes of the Texas Optometry Act, the term "surgery" refers only to cutting operations. Whether the procedures you have listed involve cutting is a question of fact that cannot be answered in the opinion process.[20] To the extent that the procedures involve cutting and therefore constitute surgery, a therapeutic optometrist may not perform them. The Optometry Board has the authority to determine whether the procedures constitute surgery, but the board's determination is subject to judicial review.

### S U M M A R Y

For purposes of the Texas Optometry Act, V.T.C.S. articles 4552-1.01 through 4552-7.02, the term "surgery" refers only to cutting operations. Whether a particular procedure is a cutting operation, which a therapeutic optometrist is forbidden to perform, is a question of fact.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[18]*See* Gov't Code § 312.002(a).

[19]*Truck Ins. Exch. v. Seelbach*, 339 S.W.2d 521, 526 (Tex. 1960); *cf.* XVII THE OXFORD ENGLISH DICTIONARY 293-94 (1989).

[20]*See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.