ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 22, 2010

The Honorable Ronald D. Hankins
Somervell County Attorney
204 West Elm Street
Glen Rose, Texas 76043

Opinion No. GA-0801

Re: Whether an individual or company in the business of breeding certain birds, rats, mice, hamsters and similar animals for sale to pet shops may register a vehicle or trailer used to transport the animals as a "farm vehicle" under section 502.163 of the Transportation Code (RQ-0863-GA)

Dear Mr. Hankins:

Under section 502.163 of the Transportation Code, a commercial motor vehicle may be registered for a reduced fee as a "farm vehicle" if the owner will use the vehicle "only" for the purposes specified in the statute. TEX. TRANSP. CODE ANN. § 502.163 (West 2007). You ask whether an individual or company in the business of breeding certain birds, rats, mice, hamsters, and similar animals for sale to pet shops may register a vehicle or trailer used to transport the animals as a "farm vehicle" under section 502.163 of the Transportation Code.[1] Your question requires a construction of section 502.163.[2]

---

[1]See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]Section 502.163 provides in full:

> (a) The registration fee for a commercial motor vehicle as a farm vehicle is 50 percent of the applicable fee under Section 502.162 if the vehicle's owner will use the vehicle for commercial purposes only to transport:
>
> > (1) the person's own poultry, dairy, livestock, livestock products, timber in its natural state, or farm products to market or another place for sale or processing;
> >
> > (2) laborers from their place of residence to the owner's farm or ranch; or
> >
> > (3) without charge, materials, tools, equipment, or supplies from the place of purchase or storage to the owner's farm or ranch exclusively for the owner's use or for use on the farm or ranch.

(continued...)

The primary goal of statutory construction is to ascertain and give effect to the Legislature's intent. *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). Courts construing a statute "look first to the plain and ordinary meaning of the statute's words." *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). Statutory words and phrases must "be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2005).

You state that the owner of a business that "breeds birds (such as parakeets), rats, mice, hamsters and other similar animals" asserts that he is authorized to register the vehicle he uses to transport the animals for sale to pet shops as a farm vehicle by virtue of section 502.163(a)(1). Request Letter at 1. Section 502.163(a)(1) allows licensing a vehicle as a farm vehicle "if the vehicle's owner will use the vehicle for commercial purposes only to transport: . . . the person's own poultry, dairy, livestock, livestock products, timber in its natural state, or farm products to market or another place for sale or processing." TEX. TRANSP. CODE ANN. § 502.163(a)(1) (West 2007). The Transportation Code does not define pertinent terms in the statute such as "poultry, livestock, livestock products," or "farm products." However, you inform us that the owner contends that the animals he transports meet definitions in the Agricultural Code for such terms as "exotic fowl," "livestock," or "exotic livestock" and reasons that the listing of animals in Transportation Code section 502.163(a)(1) should be similarly construed to include his animals. Request Letter at 1–2 (citing Agriculture Code sections 1.003(3) defining "livestock," and 142.001(4)–(5) defining "exotic livestock" and "exotic fowl").

---

[2](...continued)

    (b) A commercial motor vehicle may be registered under this section despite its use for transporting without charge the owner or a member of the owner's family:

        (1) to attend church or school;

        (2) to visit a doctor for medical treatment or supplies; or

        (3) for other necessities of the home or family.

    (c) Subsection (b) does not permit the use of a vehicle registered under this section in connection with gainful employment other than farming or ranching.

    (d) The department shall provide distinguishing license plates for a vehicle registered under this section.

    (e) The owner of a commercial motor vehicle registered under this section commits an offense if the person uses or permits to be used the vehicle for a purpose other than one permitted by this section. Each use or permission for use in violation of this section is a separate offense.

    (f) An offense under this section is a misdemeanor punishable by a fine of not less than $25 or more than $200.

TEX. TRANSP. CODE ANN. § 502.163 (West 2007).

For undefined terms, "courts generally accept the words used in a statute according to their ordinary meaning." *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009). Texas courts rely on dictionaries to determine the meaning of terms not defined in statute. *CenterPoint Energy Entex v. R.R. Comm'n of Tex.*, 208 S.W.3d 608, 619 (Tex. App.—Austin 2006, pet. dism'd). Also, courts construing a word not defined in one statute may take into consideration its definitions in another act of similar nature, but "[a] word defined in one act does not necessarily determine the word's meaning in another act dealing with a different subject." *Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 678 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ); *accord Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 707 n.2 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 n.4 (Tex. App.—Austin 2004, no pet.).

We first consider the owner's position that section 502.163(a)(1) of the Transportation Code should be construed to apply to the transportation of birds such as parakeets, which, he asserts, meet the definition of "exotic fowl" in the Agriculture Code. *See* Request Letter at 2; TEX. AGRIC. CODE ANN. § 142.001(5) (West 2004). Whether the owner's birds are exotic fowl under the Agriculture Code is irrelevant because the only reference to a bird of any kind in section 502.163(a)(1) of the Transportation Code is to "poultry." We must "presume the Legislature chose its words carefully and intentionally." *Kappus v. Kappus*, 284 S.W.3d 831, 835 (Tex. 2009). "Poultry" commonly means "[d]omestic fowls, such as chickens, turkeys, ducks, or geese, raised for meat or eggs."[3] Several Texas statutes define "poultry" consistently with this common meaning.[4] As one court reviewing Texas statutory definitions of the word poultry has noted, "each definition [of poultry] is aimed at the state's food supply." *See Hendrickson v. Swyers*, 9 S.W.3d 298, 300 n.1 (Tex. App.—San Antonio 1999, pet. denied) (determining that fighting cocks are not "poultry" in a statute concerning the application of nuisance and other law to preexisting agricultural operations). Giving the word its common ordinary meaning, "poultry" in section 502.163(a)(1) does not include birds such as parakeets that are primarily raised to be sold to pet shops.

You state that the owner also contends that the other animals he transports are "livestock" under section 502.163(a)(1) of the Transportation Code. *See* Request Letter at 2. The Agriculture Code defines "livestock" generally as "cattle, horses, mules, asses, sheep, goats, llamas, alpacas, exotic livestock, including elk and elk hybrids, and hogs, unless otherwise defined." TEX. AGRIC.

_____

[3]AMERICAN HERITAGE DICTIONARY 1375 (4th ed. 2000); *see also* THE NEW OXFORD AMERICAN DICTIONARY 1336 (2001) ("domestic fowl, such as chickens, turkeys, ducks, and geese"); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1515 (2nd ed. 1987) ("domesticated fowl collectively, esp. those valued for their meat and eggs, as chickens, turkeys, ducks, geese, and guinea fowl"); WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 1777 (2002) ("domesticated birds that serve as a source of eggs or meat and that include among commercially important kinds [of] chickens, turkeys, ducks, and geese and among kinds chiefly of local interest guinea fowl, peafowl, pigeons, pheasants, and others").

[4]*See, e.g.,* TEX. AGRIC. CODE ANN. § 13.034(e)(2) (West 2004) (concerning sale of certain food products, "'[p]oultry' includes turkeys, chickens, ducks, geese, guineas, squabs, and all other domesticated fowl"); *id.* § 168.001(5) (in chapter concerning certain animal diseases, "'[p]oultry' means domestic fowl, including chickens, turkeys, and game birds"); TEX. HEALTH & SAFETY CODE ANN. § 433.003(20) (West Supp. 2010) (defining "poultry" as "a live or dead domesticated bird" in the context of the Texas Meat and Poultry Inspection Act); TEX. WATER CODE ANN. § 26.301(1) (West 2008) ("'Poultry' means chickens or ducks being raised or kept on any premises in the state for profit.").

CODE ANN. § 1.003(3) (West Supp. 2010). The Agricultural Code defines the term "exotic livestock" in two statutes, both of which limit the term to "single-hooved or cloven-hooved mammals that are not indigenous to this state and are known as ungulates." *Id.* §§ 142.001(4) (West 2004) (concerning estrays), 161.001(a)(4) (concerning disease control). Neither these nor any other definition of livestock in a Texas statute, judicial opinion, or other law of which we are aware includes the animals you describe.[5]

In common parlance, the word "livestock" pertains especially to horses, cattle, and similar farm animals, although some dictionaries also provide definitions that could include a wider range of animals.[6] However, the rules for giving undefined terms their ordinary meaning do not require choosing the broadest meaning in the dictionary "if a different, more limited, or precise definition is apparent from the term's use in the context of the statute." *In re Hall*, 286 S.W.3d 925, 928–29 (Tex. 2009). Generally, words in a statutory list are given related meaning. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 n.2 (Tex. 1980). When the words "poultry, dairy, livestock, livestock products, timber in its natural state, or farm products" are considered together and in the context of the statute as a whole, they suggest items in the nature of an agricultural commodity or similar items traditionally produced in farming, ranching, or lumbering. *See* TEX. TRANSP. CODE ANN. § 502.163 (West 2007).[7] Considering the common meaning of the terms used in section 502.163 of the Transportation Code and reading them in context, we conclude that the statute does not authorize the owner of a vehicle used to transport non-poultry birds, rats, mice, hamsters and similar animals for sale to pet shops to register the vehicle as a "farm vehicle."

---

[5]*See, e.g.*, TEX. AGRIC. CODE ANN. § 167.001(4) (West 2004) (in the chapter concerning tick eradication, "'Livestock' means cattle, horses, mules, jacks, or jennets"); *id.* § 188.001(3) (in the chapter concerning liens for animal feed, "'Livestock' means beef cattle, dairy cattle, sheep, goats, hogs, horses, poultry, and ratites"); TEX. CIV. PRAC. & REM. CODE ANN. § 87.001(6) (West 2005) (in the chapter concerning liability for equine and livestock show activities, "'Livestock animal' means: . . . an animal raised for human consumption; or . . . an equine animal"); TEX. HEALTH & SAFETY CODE ANN. § 433.003(11) (West Supp. 2010) (for purposes of the Texas Meat and Poultry Inspection Act, "'Livestock' means cattle, bison, sheep, swine, goats, horses, mules, other equines, poultry, domestic rabbits, exotic animals, or domesticated game birds"); TEX. HEALTH & SAFETY CODE ANN. § 826.002(12) (West 2003) (in the chapter concerning rabies, "'Livestock' means an animal raised for human consumption or an equine animal"); TEX. PENAL CODE ANN. § 42.09(b)(5) (West Supp. 2010) (in the chapter concerning cruelty to animals, "'Livestock animal' means: (A) cattle, sheep, swine, goats, ratites, or poultry commonly raised for human consumption; (B) a horse, pony, mule, donkey, or hinny; (C) native or nonnative hoofstock raised under agriculture practices; or (D) native or nonnative fowl commonly raised under agricultural practices").

[6]*See, e.g.*, AMERICAN HERITAGE DICTIONARY 1024 (4th ed. 2000) ("Domestic animals, such as cattle or horses, raised for home use or for profit, especially on a farm."); THE NEW OXFORD AMERICAN DICTIONARY 998 (2001) ("farm animals regarded as an asset"); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1123 (2nd ed. 1987) ("the horses, cattle, sheep and other useful animals kept or raised on a farm or ranch"); WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 1324 (2002) ("animals of any kind kept or raised for use or pleasure; *esp*: meat and dairy cattle and draft animals—opposed to *dead stock*").

[7]*Cf.* TEX. AGRIC. CODE ANN. § 41.002(1) (West 2004) ("'Agricultural commodity' means an agricultural, horticultural, viticultural, or vegetable product, bees and honey, planting seed, rice, livestock or livestock product, or poultry or poultry product, produced in this state . . . ."); 37 TEX. ADMIN. CODE § 4.11(b)(7) (2010) (Tex. Dep't Pub. Safety, General Applicability and Definitions) (for purposes of commercial vehicle transportation safety regulations, "farm vehicle means any vehicle or combination of vehicles controlled and/or operated by a farmer or rancher being used to transport agriculture commodities, farm machinery, and farm supplies to or from a farm or ranch").

**S U M M A R Y**

Section 502.163 of the Transportation Code does not authorize the owner of a vehicle used to transport non-poultry birds, rats, mice, hamsters, and similar animals for sale to pet shops to register the vehicle as a "farm vehicle" under the statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee