

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 7, 2014

The Honorable Joe C. Pickett
Chair, Committee on Homeland Security
    & Public Safety
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1056

Re: Whether section 720.002 of the Transportation Code prohibits a political subdivision or state agency from requiring peace officers to issue a certain number of warning citations (RQ-1164-GA)

Dear Representative Pickett:

You ask whether section 720.002 of the Transportation Code prohibits a political subdivision or state agency from requiring peace officers to issue a certain number of warning citations.[1] Section 720.002, in relevant part, provides that

> (a) A political subdivision or an agency of this state may not establish or maintain, formally or informally, a plan to evaluate, promote, compensate, or discipline:
>
> > (1) a peace officer according to the officer's issuance of a predetermined or specified number of any type or combination of types of traffic citations;
>
> . . . .
>
> (b) A political subdivision or an agency of this state may not require or suggest to a peace officer, . . . :
>
> > (1) that the peace officer is required or expected to issue a predetermined number or specified number of any type or

---

[1]See Letter from Hon. Joe C. Pickett, House Comm. on Homeland Sec. & Pub. Safety, Tex. to Hon. Greg Abbott, Tex. Att'y Gen. at 2 (Nov. 8, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

combination of types of traffic citations within a specified
period;

. . . .

TEX. TRANSP. CODE ANN. § 720.002(a), (b) (West 2011). Your two questions seek a determination about whether subsections (a)(1) and (b)(1) are violated when a political subdivision or state agency requires or suggests that its peace officers issue a predetermined number of traffic warnings or establishes a plan to evaluate, promote, compensate or discipline its peace officers according to the officers' issuance of a predetermined number of traffic warnings. Request Letter at 2. The answer to your questions is dependent on the scope of the term "traffic citations" in section 720.002.

Legislative intent is best drawn from the plain meaning of the words chosen by the Legislature. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When statutory terms are undefined, the Code Construction Act directs that words and phrases are to be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). Moreover, "[w]hen the Legislature defines a term in one statute and uses the same term in relation to the same subject matter in a later statute, it will be presumed that the latter use of the term is in the same sense as previously defined." *Brookshire v. Houston Indep. Sch. Dist.*, 508 S.W.2d 675, 677–78 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ).

Though section 720.002 does not define the term "traffic citation," the Transportation Code defines the term "citation" in another, previously adopted, section that directly relates to traffic violations. In chapter 703 of the Transportation Code, also known as the Nonresident Violator Compact of 1977, a citation is "any summons, ticket, or other official document issued by a police officer for a traffic violation containing an order which requires the motorist to respond." TEX. TRANSP. CODE ANN. § 703.002, art. II, § (b)(1) (West 2011); *see also Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1239 (Tex. Civ. App.—Dallas 1938, writ dism'd) (defining the term "citation" in a general legal sense to mean "the summons by which a defendant is notified to appear in the action"). A court asked to construe the term "traffic citations" in section 720.002 could decide to adopt the chapter 703 definition of "citation," which requires three elements: (1) a "summons, ticket or other official document," (2) a traffic violation, and (3) an order requiring the motorist to respond.

You do not indicate the precise nature of the warnings about which you ask. We are advised that it is not uncommon for warnings to be given verbally.[2] And even a written warning

---

[2]Brief from Alyssa Perez, Staff Att'y, Combined Law Enforcement Ass'ns of Tex. at 1 (Dec. 4, 2013) (on file with the Op. Comm.).

is unlikely to contain an order for the motorist to respond. Thus, a traffic warning likely does not include all three elements of the chapter 703 definition of "citation." A court employing that definition would conclude that a traffic warning does not amount to a traffic citation and is therefore not subject to the prohibition in section 720.002.

While a court construing section 720.002 could adopt the chapter 703 definition of "citation," a court could also adopt a more expansive interpretation of section 720.002's prohibitions. Section 720.002's prohibitions broadly encompass "any" type or combination of types of traffic citations. *See* TEX. TRANSP. CODE ANN. § 720.002(a)(1), (b)(1) (West 2011). The unqualified breadth of the word "any" could be understood to suggest that the prohibition must include traffic warnings as well as traditional citations. *See* AM. HERITAGE COLL. DICTIONARY 64 (4th ed. 2002) (defining "any" to mean "One, some, every, or all without specification"); *City of Waco v. Kelly*, 309 S.W.3d 536, 542 (Tex. 2010) (stating that statutory construction involves examination of the Legislature's words in the context of the statute as a whole and not in isolation). Moreover, one apparent purpose of section 720.002 is to prohibit political subdivisions from using quotas or similar means to require or encourage police officers to take action in response to traffic violations. Interpreting section 720.002 to permit political subdivisions to impose traffic warning quotas or to evaluate a police officer based on the number of traffic warnings the officer issues would undermine that statutory purpose. *See In re Allen*, 366 S.W.3d 696, 708 (Tex. 2012) (orig. proceeding) (noting that a court's task is to "effectuate the Legislature's intent" and adopt the interpretation that is most faithful to the statute's plain text). On this basis, a court could decline to adopt the narrow construction of the term "traffic citation" discussed above, instead concluding that the term must be broadly construed to include traffic warnings. If interpreted along these lines, section 720.002 would prohibit political subdivisions from taking the actions described in your questions.

While we cannot determine definitively the scope of section 720.002, under any interpretation of the statute, a quota on warnings that is effectively used to suggest or implement a quota on traffic citations is in violation of section 720.002.

## S U M M A R Y

A court could conclude that only a warning that consists of a summons, ticket or other official document, a traffic violation, and an order requiring the motorist to respond is likely to be considered a traffic citation subject to the prohibition in section 720.002 of the Transportation Code. A court could also conclude that the text and purpose of section 720.002 require the term "traffic citation" to be construed broadly to include traffic warnings. We cannot definitively determine whether the prohibitions of section 720.002 encompass traffic warnings.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee