**Robert SWINNEA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67258.**

Court of Criminal Appeals of Texas,
Panel No. 3.

April 22, 1981.

3. Though a procedure for grant of immunity has not been expressly provided by the Legislature, as the Court demonstrated in *Ex parte Muncy*, 72 Tex.Cr.R. 541, 163 S.W. 29 (1914), "The right under our law of the district attorney, with the knowledge and consent of the district judge, to guarantee immunity from prosecution and punishment has never been seriously questioned in this state," *id.*, at 38. The then extant statutory authority for the grant, *id.*, at 45 and 54, similar to provisions in predecessor codes cited in earlier decisions to the same effect, e. g., *Barrara v. State*, 42 Tex. 260, 263 (1875); *Camron v. State*, 32 Tex.Cr.R. 180, 22 S.W. 682 (1893); *Ex parte Greenhaw*, 41 Tex.Cr.R. 278, 53 S.W. 1024 (1899), have since been melded into Article 32.02, V.A.C.C.P. See *Washburn v. State*, 164 Tex.Cr.R. 448, 299 S.W.2d 706 (1956).

**454**

Charles R. Burton and Roy Q. Minton, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a denial of the trial court to reduce bail pending appeal. Article 44.04(g), V.A.C.C.P.

On November 14, 1974, appellant was found guilty of possession of heroin. Punishment was assessed at five years and a $3,000 fine. Appellant was placed on five years' probation. Probation was revoked February 2, 1981, and the trial court set bail at $50,000 pending appeal.

Appellant argues the trial court abused its discretion in setting bail at $50,000. We agree.

Article 17.15, V.A.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

The primary objective of the appeal bond is to secure appellant's appearance if his conviction is subsequently affirmed. Article 17.15(1), supra. See, *Ex parte Branch*, 553 S.W.2d 380 (Tex.Cr.App.1977).

In considering what constitutes reasonable bail on appeal, certain factors should be considered. The primary factors are the length of the sentence, *Mayo v. State*, 611 S.W.2d 442 (Tex.Cr.App.1981), and the nature of the offense, *Mecom v. United States*, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977). Other data that should be considered includes: work record, family ties and length of residence and ability to make bail. *Ex parte Rubac*, 611 S.W.2d 848 (Tex.Cr.App.1981).

In the instant case, appellant was convicted of a non-violent crime, possession

of heroin; sentence was assessed at five years' probation. The record reveals no aggravating factors surrounding the offense and the appellant had no previous criminal record. Appellant is planning marriage and has been gainfully employed. He has resided and worked in the community since 1959. Numerous fellow employees, as well as his employer, testified appellant was a reliable, conscientious worker. Prior to his original conviction, appellant was released on a $2000 bail. From the record, it appears he satisfied all conditions of that obligation.

Applying the established criteria, *Ex parte Rubac,* supra, we conclude the trial court abused its discretion in setting the appeal bond at $50,000. Therefore, appellant is granted bail in the sum of $10,000.

It is so ordered.