James Steven GUINN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–667–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1985.

Michael A. Lamson, Houston, for appellant.

John B. Holmes, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

The appellant in this case has been convicted three times for driving while intoxicated (DWI). The central issue in this appeal involves two prior misdemeanor DWI convictions that became final on the same day. We must decide whether these two convictions are to be treated as a single offense for DWI enhancement purposes or as two separate offenses to enhance a third DWI conviction to felony status. Subscribing to the latter alternative, we hold that two prior misdemeanor DWI offenses becoming final on the same day function as two separate offenses for DWI enhancement purposes.

Appellant James Steven Guinn was indicted in September of 1984 for his third DWI offense. Alleging two prior misdemeanor DWI convictions, the indictment elevated appellant's third offense to felony status. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(e) (Vernon Supp.1985); TEX.PENAL CODE ANN. § 12.41 (Vernon 1974). Because the convictions for the two prior offenses became final on the same day (July 12, 1983), appellant claims the trial court should have granted his motion to quash the indictment because, according to his interpretation of Texas law, all convictions becoming final on the same day should be treated as a single offense for future enhancement purposes. Therefore, appellant contends the present offense should not have been elevated to a felony. After the trial court denied the motion to quash, appellant accepted a plea bargain and pled guilty to this third DWI offense. His punishment included three years' probation and a $750 fine.

The current DWI law was amended effective January 1, 1984. Art. 6701*l*–1, *supra.* The enhancement portion of this law states in pertinent part:

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

This amendment is more lenient than the prior DWI statute in that the prior law required elevation of a DWI offense to felony status after only *one* prior offense rather than *two.* [1] However, appellant's second conviction on July 12, 1983, was not elevated to felony status under the old statute as it ordinarily would have been, because he was convicted of both his first and second DWI offenses at the very same time. Therefore, he technically had no *prior* conviction to increase the second offense to a higher level.

Appellant contends the disposition of the present case achieves an improper *ex post facto* result. This contention is without merit. A law providing a higher penalty for an offense committed *prior* to the enactment of the law achieves an impermis-

1. Subsequent offense of driving while intoxicated, ch. 682, § 3, 1979 Tex.Gen.Laws 1609.

sible *ex post facto* result. U.S. CONST. art. I, § 9; TEX. CONST. art. I, § 16; *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Appellant's third offense was committed *after* the new DWI amendment took effect. Furthermore, the new law is *more lenient* in that it elevates an offense to felony status after the *third* conviction rather than the *second*. In our view, no *ex post facto* result occurs under the circumstances of this case. In any event, appellant failed to raise the *ex post facto* objection below; consequently, this issue is not preserved for review. *See Craig v. State*, 594 S.W.2d 91, 96 (Tex.Crim.App.1980); *Chavez v. State*, 508 S.W.2d 384, 386 (Tex.Crim.App. 1974).

■ The Code Construction Act provides assistance in our construction of the DWI statute. The act states in pertinent part:

Sec. 3.03. In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) ...

(5) consequences of a particular construction. . . .

TEX.REV.CIV.STAT.ANN. art. 5429b-2, § 3.03 (Vernon Supp.1985). These factors are particularly relevant to our construction of the enhancement portion of the DWI statute. Through the enactment of the DWI law, the legislature has sought to address the human misery and widespread destruction caused by drunk drivers. We believe the DWI statute is a special law that contains a progression of more severe penalties created specifically for repeat DWI offenders. General enhancement statutes applying to other types of misdemeanor and felony offenses do not apply to cases of drunk driving, because the legislature has placed within the DWI statute itself a special enhancement provision applicable only to persons convicted of driving while intoxicated, thereby excluding other general enhancement schemes.

■ The maxim *expressio unius est exclusio alterius* is often employed in the construction of statues. In general, it means that a statute's inclusion of a specific limitation excludes all other limitations of that type. *Brookshire v. Houston Independent School District*, 508 S.W.2d 675, 679 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). As applied to this case, it means that a special enhancement provision in the DWI law excludes all other enhancement schemes, such as the general enhancement provision found at TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1985). Section 3.06 of the Code Construction Act further supports this interpretation by indicating that under the circumstances of this case, special provisions prevail over general ones. Art. 5429b-2, *supra*.

The rationales in support of the DWI enhancement scheme are obvious: (1) repeat offenders should be punished more severely for repeatedly endangering the public welfare; (2) harsher penalties for repeat offenders function as a deterrent, discouraging the offender and others from drinking and driving; and (3) the jail sentence for repeat offenders in art. 6701*l*-1(e) reflects the need to physically remove drunk drivers from public streets for a period of time, both as punishment for them and as protection for the rest of society. In light of these rationales, we have no difficulty in affirming appellant's felony conviction.

We note that appellant has been very "fortunate" thus far because of the nature of our criminal jurisprudence system and the compromises necessary in its daily operation. Technically, because appellant had twice been arrested for DWI in 1983, the conviction for his *second* offense ordinarily should have been elevated to a felony under the law in effect at that time. However, because the convictions for his first and second offenses "happened" to become final on the same day, appellant avoided the severity of the prior law.

With respect to his *third* arrest for drunk driving, appellant also avoided certain consequences of the new law by accepting a plea bargain that did not include an art. 6701*l*–1(e) jail sentence. We understand that plea bargaining is a "necessary evil" in our criminal courts, but we note that appellant has benefited more than once from the eccentricities of this system.

Appellant obviously experiences difficulty in refraining from drinking and driving. If it takes a felony record to encourage him to take stock of his problem and think twice before again endangering his own life and the lives of others by drinking and driving, then so be it. We believe our upholding appellant's felony conviction effects the will of the legislature on this matter.

We overrule the sole ground of error and affirm the trial court's judgment.