Joseph Patrick DALLAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–00586–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 1997.

Scott R. Schearer, Houston, for Appellant.

Julie Kilbert, Houston, for Appellee.

Before WILSON, ANDELL and HUTSON–DUNN *, JJ.

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION ON REHEARING

WILSON, Justice.

The State has filed a motion for rehearing. We deny the motion, but withdraw our previous opinion and issue this one in its place to address some of the State's rehearing arguments. The disposition of the case remains the same.

Appellant, Joseph Patrick Dallas, Jr., was charged with cruelty to animals, a misdemeanor. He was found guilty by a jury and subsequently sentenced to one year in the county jail and a $3000 fine.[1] He timely filed a notice of appeal in the main case, and also brought this accelerated appeal disputing the authority of the trial judge to attach certain conditions to his appeal bond. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon 1997).

After appellant perfected his appeal,[2] the trial court set an appeal bond in the amount of $10,000. The trial court also set the following conditions on the bond, that appellant: (1) refrain from violating the laws of this state or any other state; (2) report twice a month to the court probation officer; (3) undergo drug and alcohol screening and be tested for drugs by submitting to urinalysis once a month; (4) provide proof of employment or proof that he is seeking employment; (5) pay a $35 per month supervision fee; (6) remain in Harris County, Texas; and (7) refrain from engaging in any dog-related business or kenneling or training of dogs or have any relationship with other people's dogs.

Before the trial court, appellant by written motion objected to the amount of the bond and the conditions. On appeal, appellant argues in point of error three that, "misdemeanor courts do not have authority to attach conditions to an appeal bond," but no point of error addresses the amount of the bond.

The legislature has limited the trial court's authority in setting appeal bonds in misdemeanor cases. *See* TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1997). Article 44.04 of the Code of Criminal Procedure, entitled "Bond pending appeal," provides in relevant part:

(a) Pending the determination of any motion for new trial or the appeal from any *misdemeanor* conviction, the defendant is entitled to be released on reasonable bail, and *if a defendant charged with a misdemeanor is on bail, is convicted, and appeals that conviction, his bond is not discharged until his conviction is final.* ...

(c) Pending the appeal from any *felony* conviction ..., the trial court may deny bail, *permit the defendant to remain at large on the existing bail,* or, if not then on bail, admit him to reasonable bail until his conviction becomes final. *The court may impose reasonable conditions on bail pending the finality of his conviction.* ...

TEX.CODE CRIM. PROC. ANN. art. 44.04(a), (c) (emphasis added).

Article 44.04 provides distinct guidelines for setting appeal bonds in misdemeanor and felony cases. Each are unique and separate. In interpreting a statute, we focus on the text of the statute and interpret it in a literal manner attempting to discern a fair, objective meaning of the text. *State v. Mancuso,* 919 S.W.2d 86, 87 (Tex.Crim.App. 1996); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). When a statute is clear and unambiguous, we apply the plain meaning of its words. *Dowthitt v. State,* 931 S.W.2d 244, 258 (Tex.Crim.App.1996). In determining the plain meaning, words and phrases shall be read in context and construed according to the rules of grammar and usage. *Id.*; TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1997). We also presume that the entire statute is intended to be effective. *Dowthitt,* 931 S.W.2d at 258; TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1997). A basic rule of statutory construction is that the inclusion of one provision is the express exclusion of similar provisions. *Guinn v. State,* 696 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd).

---

1. TEX. PENAL CODE ANN. § 42.09 (Vernon Supp. 1997).

2. An appeal is perfected in a criminal case by filing a notice of appeal. *See* TEX.R.APP. P. 40(b)(1).

Applying these principles to article 44.04, we note that the statute specifically authorizes conditions of bail pending a felony appeal, but does not authorize conditions of bail pending a misdemeanor appeal. We conclude from this exclusion that the legislature intended to give more control to trial courts considering bonds in felony appeals than to trial courts in misdemeanor appeals. Accordingly, we hold the trial court is not authorized to place conditions of bail pending a misdemeanor appeal,[3] unless specifically provided for by statute.

Because appellant was convicted of a misdemeanor, the trial court improperly imposed conditions of bail pending appellant's appeal. Accordingly, we reverse and remand for the trial court to reform the appeal bond in conformance with this opinion.

**3.** We understand conditions imposed on an appeal bond to be a distinct consideration from the amount of the bond, and do not discuss the applicability of article 44.04(d) to the matter before us.