**Robert James GRADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01431–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 4, 1997.

Discretionary Review Refused May 6, 1998.

**130**

Robert W. Fortsen, III, David M. Eisen, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before COHEN, HEDGES and FARRIS,[1] JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated and assessed punishment at 180 days in jail, probated and a fine of $2,000.00. We affirm.

### Facts

Kenneth Stoults's vehicle was struck from behind by appellant's vehicle. Appellant then stumbled from his vehicle and asked Stoults what had happened. Appellant's speech was slurred, he appeared disoriented, and he smelled of alcohol. Stoults further testified that as appellant was walking toward him, appellant fell backwards onto the fender of his car.

Officer Watson conducted field sobriety tests and arrested appellant. Appellant gave two breath samples.

### Points of Error

■ In point of error one, appellant contends the trial court erred in admitting the State's expert witness testimony concerning appellant's blood alcohol at the time of driving because the testimony was based upon improper assumptions and insufficient evidence.

■ If specialized knowledge will help the jury determine a fact in issue, an expert witness may testify about that knowledge by giving an opinion. TEX.R.CRIM. EVID. 702. The admissibility of expert opinion testimony is left to the trial court's sound discretion. *Banda v. State,* 890 S.W.2d 42, 58–59 (Tex. Crim.App.1994). An abuse of discretion will be found only when the trial judge's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992).

The State called Becky Cucculic, a certified technical supervisor of intoxilyzer equipment for Harris County, as its expert witness concerning appellant's intoxilyzer test results. To demonstrate the process of extrapolation, the State asked Cucculic the following question:

Okay. Ms. Cucculic, if we assume that an individual, if we assume that a male individual weighs approximately a hundred and eighty pounds, is eliminating, that this same individual provided a breath alcohol score of .179 at 12:38, and if we can exclude the possibility of driving at 11:33, is it possible for you to say what that person's breath alcohol concentration would have been at 11:33?

Over objection that the question assumed facts not in evidence, Cucculic stated the breath alcohol concentration would have been .197. Appellant now argues that Cucculic testified to appellant's breath alcohol concentration at the time of driving, and because there were no facts to justify the answer, her testimony was incompetent.

The State's preliminary questions, appellant's voir dire examination of Cucculic, and appellant's subsequent cross-examination revealed that Cucculic: (1) did not know if appellant was eliminating or absorbing alcohol; (2) did not know appellant's alcohol concentration when he drove; (3) did not know when appellant last drank or how many drinks he had; (4) did not know what appellant ate that day; and (5) did know when appellant was driving his vehicle. Thus, it is clear Cucculic was not giving an opinion about appellant's actual breath alcohol when he drove, but instead was responding to a hypothetical question based on numerous assumptions, all of which were stated to the

---

1. The Honorable David F. Farris, former justice, Court of Appeals, Second District of Texas at Fort Worth, participating by assignment.

jury. We hold there was no abuse of discretion.

We overrule point of error one.

In point of error two, appellant complains the trial court erred in admitting the maintenance records of the intoxilyzer machine and the written record of appellant's intoxilyzer test results.

Appellant objected to the introduction of both the intoxilyzer maintenance records and the intoxilyzer test results because Cucculic did not personally know whether the intoxilyzer machine was working properly. Appellant argues that where tests are done by law enforcement personnel, the supervising chemist cannot testify as to the result of a test run by an absent chemist. *See Cole v. State*, 839 S.W.2d 798, 806 (Tex.Crim.App. 1990).

In *Ponce v. State*, 828 S.W.2d 50, 51–52 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd), we held that intoxilyzer maintenance records were distinguishable from the reports at issue in *Cole* and were therefore admissible as business records under TEX. R.CRIM. EVID. 803(6). Moreover, it has been held that intoxilyzer results are not hearsay, and a party may properly rely upon information contained in the intoxilyzer printout in establishing the predicate for its admissibility into evidence. *Stevenson v. State*, 920 S.W.2d 342, 344 (Tex.App.—Dallas 1996, no pet.). We hold the trial court did not err in admitting the intoxilyzer maintenance records and test results.

We overrule point of error two.

In point of error three, appellant argues the trial court erred in denying his request that the jury be instructed to disregard the intoxilyzer results.

When the State rested, the judge struck the allegation that appellant had a breath alcohol concentration of .10%. Consequently, the jury charge defined "intoxication" solely as the loss of normal use of mental and physical faculties. The trial judge then denied appellant's request that the jury disregard the intoxilyzer test results. Appellant contends the test results became inadmissible after the judge struck the paragraph of the information alleging he had .10% breath alcohol concentration.

We hold the intoxilyzer results were relevant and thus admissible to prove appellant consumed alcohol, and that it made him intoxicated. *Verbois v. State*, 909 S.W.2d 140, 142–43 (Tex.App.—Houston [14th Dist.] 1995, no pet.). The judge did not err.

We overrule point of error three.

In point of error four, appellant contends the judge erred by excluding evidence that appellant's insurance company paid Stoults $7,000 for the injuries appellant caused. The judge ruled the evidence was irrelevant. Appellant contends the evidence was admissible to show Stoults's bias, prejudice, or motive for calling the police, for assisting in the DWI investigation at the scene, and in testifying against him.

The jury heard significant evidence to show Stoults's bias related to his claim. It heard that Stoults did not claim injury at the accident scene, but later claimed a neck injury. In addition, Stoults testified he had settled his personal injury claim. Appellant does not contend that Stoults expected to receive more money if appellant were convicted. On this record, we hold the judge did not abuse his discretion. If the evidence was offered to show that Stoults was lying in order to get insurance money, that point was made by the other evidence admitted. Moreover, considering the strength of the State's case and the other evidence admitted about the settlement, we conclude beyond a reasonable doubt that appellant was not harmed by the exclusion of this particular fact. TEX. R.APP. P. 44.2(b). We find no reason to conclude that the jury may have been more favorable to appellant if it had known that he caused $7,000 of damage.

We overrule point of error four.

In point of error five, appellant contends the trial judge lacked authority to impose conditions upon his appeal bond, i.e., that appellant (1) attend Alcoholics Anonymous meetings twice a week, (2) submit to random urinalysis, (3) place a Guardian Interlock device on his vehicle, and (4) submit to electronic monitoring requiring him to be

home from 9:00 p.m. to 5:30 a.m. daily. The judge later deleted the electronic monitoring provision.

We have previously held that courts have no authority to put conditions on misdemeanor appeal bonds, unless specifically provided for by statute. *Dallas v. State*, 945 S.W.2d 328, 330 (Tex.App.—Houston [1st Dist.] 1997, pet. granted). The State contends *Dallas* was wrongly decided. It cites two cases stating that courts have "inherent power" to put restrictive conditions on appeal bonds. *Estrada v. State*, 594 S.W.2d 445, 446 (Tex. Crim.App.1980); *Easton v. Rains*, 866 S.W.2d 656, 659 (Tex.App.—Houston [1st Dist.] 1993, orig proceeding). Both were felony cases. The State cites no case allowing restrictions on misdemeanor bonds, based on a court's inherent power. We need not decide in this case, however, whether a judge has inherent power to place restrictions on misdemeanor appeal bonds. In *Dallas*, we recognized that a judge may place conditions on a misdemeanor appeal bond, if specifically allowed by statute. 945 S.W.2d at 330. All but one condition on appellant's bond, attendance at Alcoholics Anonymous meetings, are specifically allowed by statute.

Electronic monitoring and random urinalysis are allowed by TEX.CODE CRIM. P. ANN. art. 17.44 (Vernon Supp.1998). Installation of a locking device on a vehicle is required for "a subsequent offense" under TEX.CODE CRIM. P. ANN. art. 17.441(a)(1) (Vernon Supp. 1998), although it may be excused under subsection (b) of that statute. Appellant has four prior DWI convictions.

Chapter 17 applies to appeal bonds, as well as to bonds before appeal. Article 17.38 of the Texas Code of Criminal Procedure provides:

> The rules in this Chapter [17 entitled "Bail"] respecting bail are applicable to all such undertakings when entered into the course of a criminal action, whether before or after an indictment, in every case where authority is given to any court, judge, magistrate, or other officer, to require bail of a person accused of an offense or of a witness in a criminal action.

TEX.CODE CRIM. PROC. ANN. art. 17.38 (Vernon 1977).

We therefore hold that the trial judge had authority to impose restrictions on the appeal bond regarding home confinement, electronic monitoring, random urinalysis, and guardian interlock, but he had no authority to require attendance at Alcoholics Anonymous meetings.

Point of error five is sustained in part.

 In point of error six, appellant complains of the amount of bail required. Appellant's bond before trial was $7,500 personal recognizance. His appeal bond was set at $10,000. The judge may have been influenced by appellant's four prior DWI convictions, by knowledge that appellant had forfeited bond in this case, delaying the trial for many months, and by the absence of evidence that appellant could not make the bond. *Ex parte Mendoza*, 414 S.W.2d 666, 668 (Tex.Crim.App.1967). In fact, appellant made the bond. Thus, this complaint is moot.

We overrule point of error six.

The appeal bond is reformed to strike any requirement that appellant attend Alcoholics Anonymous meetings. In all other respects, the judgment and the order imposing restrictions on the appeal bond are affirmed.