Ex parte Robert D. TUCKER.

No. 2–97–738–CR.

Court of Appeals of Texas,
Fort Worth.

June 25, 1998.

Discretionary Review Granted
Nov. 11, 1998.

Michael Deegan, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Tanya S. Dahoney, Jay Lapham, Leticia Martinez, Assistant District Attorneys, Fort Worth, for Appellee.

Before DAY, LIVINGSTON, and BRIGHAM, JJ.

## OPINION

DAY, Justice.

This is an appeal following the trial court's denial of Appellant Robert Tucker's request for habeas relief pending his trial on two indictments for sexual abuse of a child. Tucker's two $20,000 bonds were revoked after he violated a condition of his release, and he was being held without bond when he filed his application for writ of habeas corpus.

In his first point, Tucker contends that the trial court imposed illegal conditions on his bonds because those conditions were not expressly authorized by statute. In his second point, Tucker complains that the trial court abused its discretion in resetting his bonds in an excessive amount ($500,000 each) at the conclusion of the habeas hearing. Although Tucker's brief also included a third point, his appellate counsel waived that issue during oral argument.[1]

Because the issue of excessive bail was not properly raised and because Tucker waived his third point, the sole issue that we must decide is whether a trial court has inherent authority to impose conditions on a defen-

---

1. Tucker argued that his original bonds never should have been revoked because the trial court had no statutory authority to impose the conditions that he violated, which was the basis of the revocation.

dant's pre-trial bond that are not expressly authorized by statute. We conclude that it does not.

## BACKGROUND

On September 17, 1996, a grand jury returned two indictments against Tucker. Both indictments charged him with aggravated sexual assault of a child and indecency with a child; the first indictment also alleged sexual performance by a child. Tucker's bonds were set at $50,000 for each indictment. At Tucker's request, the bonds were reduced to $20,000 each, subject to the following conditions: (1) no contact with the alleged victim, (2) no unsupervised contact with minors under age eighteen, and (3) no residing in a home with minors.

On December 12, 1997, the State filed a motion to have Tucker's pre-trial bonds held insufficient. At a December 17 hearing on the motion, the State presented evidence that Tucker had violated the second condition of his release by having unsupervised contact with several minor boys who lived in his neighborhood. The magistrate granted the State's motion to hold the bond insufficient and ordered Tucker to be held without bond pending trial. The trial court signed orders adopting the magistrate's acts on December 17, 1997.

Tucker subsequently filed an application for writ of habeas corpus, alleging that the pre-trial condition on his bond prohibiting unsupervised contact with children under age eighteen was unlawful and that he was being illegally restrained without bond. The court granted the writ and held an evidentiary hearing on December 23, 1997. At the hearing, Tucker's counsel argued that because the code of criminal procedure did not expressly authorize the trial court to set the condition that Tucker violated, the condition was illegal and should not have been the basis for revocation of his client's bond. As relief, Tucker's counsel requested that the trial court either set reasonable bond amounts or reinstate the $20,000 bonds, sub-

ject to conditions specifically authorized by law.

At the close of the hearing, the trial court found that the bond condition prohibiting unsupervised contact with children under eighteen years of age was reasonably related to protecting the interests of the community and to increasing the likelihood that Tucker would appear in court. The court denied Tucker the relief he sought and set bond in each case at $500,000, subject to the three conditions previously imposed. The court also added conditions of electronic monitoring and home confinement. TEX.CODE CRIM. PROC. ANN. art. 17.44(a) (Vernon Supp.1998).

Tucker raises three points in his appellate brief. First, he contends that the conditions imposed by the trial court that prohibit him from having unsupervised contact with a minor (other than the alleged victim) or living with a minor are illegal. Second, he alleges that the $500,000 bonds are excessive and an abuse of the trial court's discretion. Last, he argues that the trial court erred in holding his bond insufficient at the December 17 hearing because the trial court had no statutory authority to impose the condition that Tucker violated.

Regarding the last point, Tucker's appellate counsel stated at oral argument that Tucker was not challenging the trial court's authority to set an *agreed* condition and noted that he was instead challenging the trial court's authority to set a pre-trial bond condition not explicitly authorized by statute where no agreement existed. In addition, Tucker's counsel stated that Tucker was only appealing the trial court's actions following the denial of his request for habeas relief. Accordingly, we find that Tucker waived his third point.[2]

▬ We turn next to Tucker's second point, in which he contends that the $1 million bond amount set at the habeas hearing was excessive and thus an abuse of the trial court's discretion. Although the State contends that Tucker's point should be overruled because he failed to carry his burden of proof

---

**2.** Because Tucker does not argue that the trial court may not impose pre-trial bond conditions pursuant to an agreement with the defendant, we

withhold consideration of that issue for another day and confine our holding to the facts before us.

to demonstrate that the bonds set were excessive, *see Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981), we do not reach the merits of this point. An order denying habeas relief on the merits is appealable only with regard to those matters properly raised by the pre-trial habeas corpus petition and addressed by the trial court. *See* 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE, § 47.40 (1995). In this case, Tucker was being held *without bond* at the time of the habeas hearing. He did not raise the issue of excessive bond in his application for habeas relief because the amount of bond was not set until *after* his request for habeas relief was denied. As a result, this matter was not properly addressed by the trial court and may not now be brought as a direct appeal. *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex.Crim. App. [Panel Op.] 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus). Accordingly, we dismiss Tucker's second point for lack of jurisdiction.

Having disposed of his second and third points, the only remaining issue is whether the trial court, after Tucker's request for habeas relief was denied, lacked authority to impose pre-trial bond conditions that were not expressly authorized by statute. We now turn to that point.

## PRE–TRIAL BOND CONDITIONS

■ Before addressing the merits of Tucker's final point, we must determine, as we did with Tucker's complaint on the excessiveness of bond, whether the point on appeal was properly raised by Tucker and addressed by the habeas court. If not, we are without jurisdiction on this point as well.

Because Tucker only challenges the conditions imposed by the trial court *after* it denied his relief, it could be argued that those new conditions, like the issue of excessive bond, were not challenged by Tucker in his petition and addressed by the habeas court. However, this is a hyper-technical distinction and one which we decline to draw. It is clear that the issue raised by Tucker on appeal— the validity of the conditions imposed on bond—was also the basis of his request for habeas relief. More specifically, Tucker argued during his habeas hearing that the conditions of bail were illegally imposed. The trial court specifically addressed Tucker's contention, holding that article 17.41 of the code of criminal procedure did not provide an exhaustive list of bond conditions for cases involving child victims and that the bond condition prohibiting unsupervised contact with minor children did not violate the constitution or laws of the United States or Texas. Thus, in both his application for relief and his argument before the habeas court, Tucker asserted that the trial court lacked authority to impose conditions on his bond that were not authorized by statute. Because the legality of the conditions that Tucker challenged in his habeas petition are the same conditions that he now challenges on appeal, we find that the issue presented in his first point was properly raised and addressed by the trial court, and we have jurisdiction to address this point on its merits.

### A.   Article 17.41

■ Chapter 17 of the Texas Code of Criminal Procedure governs the procedure for setting pre-trial bond for a criminal defendant, including conditions on that bond. TEX.CODE CRIM. PROC. ANN. arts. 17.01–.46 (Vernon 1977 and Supp.1998). Specifically, article 17.41 provides that:

(a) This article applies to a defendant charged with an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Section 25.02 (Prohibited Sexual Conduct); or

(3) Section 43.25 (Sexual Performance by a Child).

(b) A magistrate may require as a condition of bond for a defendant charged with an offense described by Subsection (a) of this article that the defendant not directly communicate with the alleged victim of the offense or go near a residence, school, or other location, as specifically described in the bond, frequented by the alleged victim.

*Id.* 17.41. Because article 17.41 authorizes a specific condition that may be imposed on a criminal defendant's pre-trial bond, Tucker contends that a trial court does not have inherent authority to impose a condition not expressly authorized. Moreover, because Chapter 17 does not include statutory provisions that expressly authorize the trial court to bar a defendant accused of sexually assaulting a child from living with or having unsupervised contact with a minor as a condition of bond, Tucker concludes that the second and third conditions imposed by the trial court following the denial of his habeas relief are illegal.

The State, on the other hand, contends that article I, section 11 of the Texas Constitution vests trial courts with inherent power to impose reasonable pre-trial bond conditions. TEX. CONST. art. I, § 11. This section provides that "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." *Id.* The State also relies on article 17.15 of the code of criminal procedure, which sets forth the rules for fixing bail for criminal defendants:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1998). The State argues that the conditions set by a trial court are intertwined with the court's decision to set bond at a particular amount and that this "balancing" of the dollar amount and the bond conditions fulfills the goal of the Legislature to protect the safety of the victim and the community. *See id.* As a result, the State concludes that article 17.15 is an implicit grant of authority to the trial court to set reasonable conditions on bond.

## B. Analysis

This issue is one of first impression.[3] The disposition of this controversy depends on whether the Texas Legislature intended the pertinent provisions in Chapter 17 of the Texas Code of Criminal Procedure to constitute an *exclusive* list of the conditions that may be imposed on a criminal defendant's pre-trial bond. Legislative intent is determined from reviewing a statute's language and "the context of the entire law in which it is written." *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992). In construing a legislative enactment, we may not add or subtract from the statutory language. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). In addition, we must presume that the entire statute is intended to be effective. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1988); *Morris v. State,* 928 S.W.2d 282, 285 (Tex.App.—Fort Worth 1996, no pet.). We will not presume that the Legislature did a useless or vain thing by

---

**3.** We are aware of Justice Teague's comment in *Ex parte King,* in which he noted that, "There is no provision in our law permitting the trial court to impose pre-trial conditions on bail of an accused person as there is with bail on appeal." 613 S.W.2d 503, 504 n. 1 (Tex.Crim.App.1981). Although this would seem to settle the issue at hand, Justice Teague's comment was not germane to the disposition of that case. Because we are not bound by dicta, *see Ex parte Alexander,* 861 S.W.2d 921, 922 (Tex.Crim.App.1993); *Cooper v. State,* 917 S.W.2d 474, 476 (Tex.App.—Fort Worth 1996, pet. filed), and additionally because the *King* case was decided before the Legislature enacted the pertinent provisions of Chapter 17, we respectfully find that Justice Teague's remark has no bearing on our decision in this case.

enacting language that was mere surplusage or that was not intended to be effective. *See Childress v. State*, 784 S.W.2d 361, 364 (Tex. Crim.App.1990); *Morris*, 928 S.W.2d at 285. With these principles in mind, we now consider the Legislature's actions and the relevant provisions in Chapter 17 of the Texas Code of Criminal Procedure.

In 1985, the Texas Legislature added article 17.41 to the code of criminal procedure. TEX.CODE CRIM. PROC. ANN. art. 17.41(a), (b) (Vernon Supp.1998). The Legislature has since added several other provisions that explicitly authorize the trial court to impose certain bond conditions. *See, e.g., id.* art. 17.44 (trial court may require defendant to submit to drug testing and home confinement with electronic monitoring as a condition of bond); *id.* art. 17.45 (trial court may require that a person charged with prostitution receive AIDS or HIV information as a condition of his or her bond); *id.* art. 17.46 (trial court may prohibit person charged with stalking from communicating with or going near alleged victim as condition of defendant's release).

In *Dallas v. State,* the First Court of Appeals recently decided a similar issue. 945 S.W.2d 328 (Tex.App.—Houston [1st Dist.] 1997, pet. granted). In *Dallas*, the defendant argued that the trial court lacked authority to impose conditions on his misdemeanor appeal bond that were not expressly authorized by statute. *See id.* at 329. In reaching its decision in favor of the appellant, the court noted that a basic rule of statutory construction is that the inclusion of one provision is the express exclusion of similar provisions. *See id.* Because section 44.04 of the code of criminal procedure (Bond Pending Appeal) expressly provided that in *felony* appeals, the trial court had discretion to set "reasonable conditions" on a defendant's bond, but included no such provision for *misdemeanor* appeals, the appellate court concluded that the Texas Legislature must have

intended to give more control to trial courts in setting felony appeal bonds than in setting misdemeanor appeal bonds. *See id.* at 329–30. The court thus held that trial courts do not have inherent authority to set conditions on bonds pending the appeal of a misdemeanor conviction in the absence of an express statutory provision. *See id.*

Although not directly on point, we find the logic of *Dallas* persuasive in the instant case. The language of article 17.41 contains an explicit grant of power to the trial court to impose a condition on a criminal defendant's pre-trial bond. If, as the State contends, the trial court has *inherent* authority to impose conditions not provided for by statute, then there was no need for the Legislature to enact article 17.41 (or the other statutes authorizing specific pre-trial bond conditions). Indeed, the State's argument reduces the language of article 17.41 to mere surplusage and would require us to find that the Legislature acted in vain. This we will not do. *See Morris*, 928 S.W.2d at 285. As a result, we find that the Legislature's express enumeration of the specific bond conditions included in Chapter 17 are an *exclusive* grant of authority to the trial court to condition a defendant's pre-trial release.[4] Accordingly, we hold that the trial court does not have inherent authority to impose conditions on a defendant's pre-trial bond that are not authorized by statute and further, that article 17.15 does not implicitly authorize other conditions not expressly stated. The trial court thus erred in setting conditions on Tucker's bond at the conclusion of the habeas hearing that restricted him from having unsupervised contact with or living with children under age 18.

## CONCLUSION

For the reasons set forth above, we sustain Tucker's first point and modify the trial court's order to remove the conditions prohibiting contact with minor children or residing with children under age eighteen other

---

4. This conclusion is buttressed by the discretionary language of article 17. 41 ("[a] magistrate *may* require ....") and the other pertinent provisions in Chapter 17 of the code. If the language of these statutory provisions was *mandatory* where a defendant was charged with a particular offense, this would not impinge on any inherent

*discretionary* authority of the trial court to impose other conditions in all other charged offenses. However, in light of the discretionary language of these provisions, we are unable to reconcile the State's position with the clear intent of the Legislature.

than the alleged victim. *See* TEX.R.APP. P. 43.2(b). We do not disturb the conditions prohibiting contact with the alleged victim or imposing home confinement and electronic monitoring, which are expressly provided by statute, *see* TEX.CODE CRIM. PROC. ANN. arts. 17.41, 17.44 (Vernon Supp.1998), nor do we alter the bond amounts. The trial court's order denying Tucker's request for habeas relief is affirmed as modified.