**Joseph Patrick DALLAS, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 899–97.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1998.

R. Scott Shearer, Houston, for appellant.

Julie Klibert, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

McCORMICK, P.J., delivered the opinion of the Court, in which BAIRD, OVERSTREET, KELLER, and HOLLAND, JJ., joined.

Appellant appealed his conviction for the misdemeanor offense of cruelty to animals. As one of the conditions of bail pending appellant's appeal, the trial court prohibited appellant from engaging in the business of training and kenneling dogs. We have exercised our discretionary authority to review the Court of Appeals' decision that the trial court lacked authority to place any conditions like this on bail in misdemeanor appeals "unless specifically provided for by statute." *Dallas v. State*, 945 S.W.2d 328, 329–30 (Tex. App.—Houston [1 st Dist.] 1997).

Consistent with the implicit decision of the Court of Appeals, appellant argues trial courts are prohibited from imposing in misdemeanor appeals conditions of bail that are not specifically authorized by a legislative grant of authority. Appellant further argues that because the condition that a defendant cease his lawful employment is not a condition specifically provided for by statute, the Court of Appeals correctly held the trial court erred by attaching this condition to appellant's bail.

However, the law is that absent legislative intent to the contrary a trial court has inherent power in misdemeanor and felony appeals to impose conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance. See *Ex parte Estrada*, 594 S.W.2d 445, 446–47 (Tex.Cr.App.1980); *Easton v. Rains*, 866 S.W.2d 656, 659 (Tex.App.—Houston [1 st Dist.] 1993, no pet.) (holding most conditions of appeal bond directly or indirectly related to assuring defendant's continued appearance in court); *Rodriguez v. State*, 744 S.W.2d 361, 363 (Tex.App.—Corpus Christi 1988, no pet.) (condition of appeal bond that defendant have "no contact" with his ex-wife not abuse of discretion because this condition indirectly related to purpose of assuring defendant's presence in court). This inherent power to impose these conditions of bail is not limited to felony cases and does not depend upon a legislative grant of authority. See *Estrada*, 594 S.W.2d at 446; see also *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Cr.App.1991) (generally court's power to act is limited to actions authorized by constitution, statute or common law *unless* a power to act arises from an inherent or implied power).

■ Therefore, the initial issue to decide in this case is not whether trial courts need a specific grant of legislative authority to impose conditions of bail in misdemeanor appeals. The issue is whether the Legislature has taken away trial courts' inherent authority to impose conditions of bail in misdemeanor appeals or whether the Legislature has intended to prohibit trial courts from exercising their inherent authority to impose conditions of bail in misdemeanor appeals. Article 44.04(a), V.A.C.C.P., does not expressly authorize conditions of bail in misdemeanor appeals. Article 44.04(c), V.A.C.C.P., does expressly authorize conditions of bail in felony appeals.[1]

Applying a rule of statutory construction which the Court of Appeals characterized as "the inclusion of one provision is the express exclusion of similar provisions," the Court of Appeals seems to have implied or inferred a legislative intent to prohibit trial courts from exercising their inherent power to impose conditions of bail in misdemeanor appeals from Article 44.04(c)'s authorizing conditions of bail in felony appeals and Article 44.04(a)'s not expressly authorizing these conditions in misdemeanor appeals.[2]

The rule of statutory construction purportedly applied by the Court of Appeals is expressed in the Latin maxim: *expressio unius est exclusio alterius.* Black's Law Dictionary defines this maxim as follows:

"Expression of one thing is the exclusion of another. (Citations Omitted). Mention of one thing *implies* exclusion of another. (Citations Omitted). When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be *inferred.* (Citation Omitted)."

"*Under this maxim, if statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded.* (Citation Omitted)." (Emphasis Supplied). *Black's Law Dictionary,* Fourth Edition (1951), p. 692.

Texas case law defines this rule of statutory construction somewhat differently from how the Court of Appeals defined it. Texas case law defines this rule of statutory construction as a statute's "inclusion of [a] specific limitation excludes all others" or a statute's "inclusion of a specific limitation excludes all other limitations of that type." See *Harris County v. Crooker,* 112 Tex. 450, 248 S.W. 652, 655 (Tex.1923) (applying this rule of statutory construction to hold Harris County District Attorney could retain any fees "earned outside of the criminal district court" because the Legislature placed all limitations on subject of the district attorney's compensation that it desired to be placed thereon by placing a limitation on the amount of compensation or excess fees which the district attorney could retain but confining that limitation to fees arising from the criminal district court); *Guinn v. State,* 696 S.W.2d 436, 438 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd) (applying this rule of statutory construction to hold a special enhancement provision in the DWI law excludes all other enhancement schemes, such as the general enhancement provision);[3] *Brookshire v. Houston Inde-*

---

**1.** There is no federal or state constitutional right to bail pending appeal as there is to pretrial bail. See *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 3–4, 96 L.Ed. 3 (1951); *Queen v. State,* 842 S.W.2d 708, 711 fn. 3 (Tex.App.—Houston [1st Dist.] 1992, no pet.). In Texas, a defendant's right to bail and for fixing the amount of bail pending appeal is governed by the provisions of Article 44.04, V.A.C.C.P., and Article 17, V.A.C.C.P. See *Ex parte Davila,* 623 S.W.2d 408, 410 (Tex.Cr.App. 1981) (Chapter 17's procedures for fixing amount of bail are modified and supplemented by Article 44.04's provisions after an accused is convicted and begins postverdict proceedings).

**2.** The Court of Appeals decided:

"Applying these [statutory construction] principles to article 44.04, we note the statute specifically authorizes conditions of bail pending a felony appeal, but does not authorize conditions of bail pending a misdemeanor appeal. We conclude from this exclusion that the legislature intended to give more control to trial courts considering bonds in felony appeals than to trial courts in misdemeanor appeals. Accordingly, we hold the trial court is not authorized to place conditions of bail pending a misdemeanor appeal, [Footnote Omitted] unless specifically provided for by statute." *Dallas,* 945 S.W.2d at 330.

**3.** *Guinn* also appeared to rely on a rule of statutory construction which it characterized as "spe-

*pendent School District,* 508 S.W.2d 675, 679 (Tex.Civ.App.—Houston [14 th Dist.] 1974, no writ) (applying this rule of statutory construction to hold that forklift is not a "motor vehicle" as set out in Section 19A of Texas Tort Claims Act making school districts liable for "motor vehicles").[4]

■ The "plain" or literal language of Article 44.04(a) contains no express legislative intent to deprive trial courts of their long-held inherent power to impose conditions of bail in misdemeanor appeals. See *Estrada,* 594 S.W.2d at 446–47 (courts' inherent powers to place restrictive conditions on bail based on common law of England and development of the common law and statutory law in the United States).[5] Therefore, we would have to infer or imply such an intent based on the language contained in Article 44.04(c) that expressly authorizes conditions of bail in felony appeals.

This we decline to do. The history of the common law on trial courts' inherent powers to impose conditions of bail makes no distinction between felony and misdemeanor cases. See *Estrada,* 594 S.W.2d at 446–47. The Legislature has to have been aware that courts traditionally have imposed conditions of bail in misdemeanor appeals in the absence of express legislative grant of authority to do so.[6] While *Estrada* involved a felony appeal, the principle it applied that trial courts have long had inherent power to place conditions on bail is in no way limited to felony cases. See *Estrada,* 594 S.W.2d at 446–47. With its presumed knowledge of the common law and trial courts' traditional practices concerning matters of bail in misdemeanor appeals the Legislature has amended Article 44.04 several times since *Estrada* was decided without expressly depriving trial courts of their inherent power to impose conditions of bail in misdemeanor appeals.[7] See Tex. Gov't Cd., Section 311.023(2) (in construing a statute courts may consider its legislative history); Tex. Gov't Cd., Section 311.023(3) (in construing a statute courts may consider circumstances under which it was enacted); Tex. Gov't Cd., Section 311.023(4) (in construing a statute courts may consider the common law). Under these circumstances, if the Legislature had intended to deprive trial courts of their inherent power to impose conditions of bail in misdemeanor appeals, it would have expressly done so.

The Court of Appeals' construction of Article 44.04(a) also would deprive trial courts of the power in misdemeanor appeals to impose extra-statutory conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance even when the defendant is a known flight

---

cial provisions prevail over general ones." *Guinn,* 696 S.W.2d at 438.

**4.** Arguably the Court of Appeals' definition of this rule of statutory construction differs substantively from how Texas case law and Black's defines the rule. For example, under Texas case law the first part of the rule is defined as "the inclusion of a specific limitation" while the Court of Appeals defined the first part of the rule as "the inclusion of one provision." Compare *Crooker,* 248 S.W. at 655; *Guinn,* 696 S.W.2d at 438; *Brookshire,* 508 S.W.2d at 679, *with, Dallas,* 945 S.W.2d at 329. In addition, Black's states the rule as the mention of one thing "implies" exclusion of another or when certain things are specified in a law an intention to exclude all others from its operation may be "inferred" while the Court of Appeals states this part of the rule as the mention of one thing is the "express" exclusion of "similar" things. Compare *Black's Law Dictionary,* Fourth Edition (1951), p. 692.

**5.** We also note there is no express legislative intent in any of Chapter 17's provisions to deprive trial courts of their inherent power to impose conditions of bail in misdemeanor appeals.

**6.** For example, we note appellant did not challenge the trial court's imposition of the other conditions on his bail which conditions are not expressly authorized by statute. See *Dallas,* 945 S.W.2d at 329. We also note the Court of Appeals appears also to have decided that these unchallenged conditions are void. See *Dallas,* 945 S.W.2d at 330 (deciding that because "appellant was convicted of a misdemeanor, the trial court improperly imposed conditions of bail pending appellant's appeal" and reversing and remanding the case "for the trial court to reform the appeal bond in conformance with this opinion").

**7.** See Acts 1981, 67 th Leg., p. 707, ch. 268, Section 17; Acts 1981, 67 th Leg., p. 813, ch. 291, Section 125; Acts 1983, 68 th Leg., p. 2416, ch. 425, Section 26; Acts 1983, 68 th Leg., p. 1104, ch. 249, Section 2; Acts 1985, 69 th Leg., ch. 968, Section 1; Acts 1991, 72 nd Leg., ch. 14, Section 284(50).

risk. We decline to infer the Legislature intended such a consequence. See Tex. Gov't Cd., Section 311.023(5) (in construing a statute court may consider consequences of such a construction).

We also disagree with the Court of Appeals that the *expressio unius est exclusio alterius* rule of statutory construction or any variation thereof applies to this case. As the Court of Appeals pointed out the provisions of Article 44.04(a) and Article 44.04(c) "are unique and separate." See *Dallas,* 945 S.W.2d at 329. One should not be read in conjunction with the other. Each should be read independent of the other.

Moreover, neither of these statutory provisions specify "one exception to a general rule" or assume "to specify the effects of a certain provision." See *Black's Law Dictionary,* Fourth Edition (1951), p. 692. Nor do any of these statutory provisions contain an "inclusion of a specific limitation." See *Crooker,* 248 S.W. at 655. We hold a trial court has inherent power in misdemeanor appeals to impose conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance.

■ Applying these principles to this case, we decide the trial court abused its discretion to prohibit appellant from engaging in the business of training and kenneling dogs as a condition of bail. This condition is not relevant to securing appellant's appearance in court. Compare *Speth v. State,* 939 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1997, no pet.) (prohibiting defendant from working as chiropractor for duration of his appeal from conviction for aggravated assault on a police officer was invalid condition of appeal bond).

Because the imposition of this bail condition may have affected the trial court's decision on other bail issues, we vacate the judgment of the Court of Appeals and remand the cause to the trial court for a redetermination of bail.

PRICE, J., filed a concurring opinion joined by MEYERS, J..

WOMACK, J., filed a concurring opinion.

MANSFIELD, J., filed a concurring and dissenting opinion.

PRICE, J., concurring.

I concur in the judgment only and write separately to explain my reasons for doing so.

Appellant was convicted of cruelty to animals, a misdemeanor. The jury assessed punishment at one year confinement and Appellant appealed. As a condition of his appeal bond, the trial court ordered Appellant to refrain from engaging in the business of training and kenneling dogs. Appellant brought an accelerated appeal pursuant to TEX.CODE CRIM. PROC. ANN. art. 44.04(g) (Vernon Supp.1998), disputing the trial court's authority to place the condition on his appeal bond.[1] The Court of Appeals held the trial court was without authority to place conditions on the appeal bond for Appellant's misdemeanor conviction. *Dallas v. State,* 945 S.W.2d 328 (Tex.App.—Houston [1st Dist.] 1997, pet. granted). We granted the State's petition for discretionary review to address this holding.

The majority's basis for its analysis is that "... absent legislative intent to the contrary, a trial court has inherent power in *misdemeanor* and felony appeals to impose conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance." *Ante,* at 277 (emphasis added). However, the cases cited by the majority do not support this proposition.

*Estrada v. State,* 594 S.W.2d 445 (Tex. Crim.App. [Panel Op.] 1980) dealt with conditions placed upon an appeal bond, pursuant to an appeal of a conviction for possession of

---

1. The trial court also set conditions that Appellant: (1) refrain from violating the laws of this state or any other state; (2) report twice a month to the court probation officer; (3) undergo drug and alcohol screening and be tested for drugs by submitting to urinalysis once a month; (4) provide proof of employment or proof that he is seeking employment; (5) pay a $35 per month supervision fee; and (6) remain in Harris County, Texas. Appellant did not contest the trial court's ability to impose these conditions.

heroin, a felony. *Easton v. Rains,* 866 S.W.2d 656 (Tex.App.—Houston [1 st Dist.] 1993, no pet.) dealt with conditions placed upon an appeal bond, pursuant to an appeal of a conviction for felony theft. *Rodriguez v. State,* 744 S.W.2d 361 (Tex.App.—Corpus Christi 1988, no pet.) dealt with conditions placed upon an appeal bond, pursuant to an appeal of convictions for aggravated assault, a felony. Neither the holdings nor the language used in these cases support the notion that courts have the inherent power, in misdemeanor appeals, to impose conditions on bail that relate to the purpose of assuring a defendant's continued appearance. Furthermore, in both *Estrada* and *Rodriguez,* the bond conditions were placed pursuant to Art. 44.04(c), which expressly provides for the imposition of reasonable conditions; *see Estrada,* 594 S.W.2d at 446–447; *Rodriguez,* 744 S.W.2d at 362.[2] Thus, the courts in those cases were not necessarily acting under inherent authority, but under an express legislative grant of authority. Therefore, despite the assertions of the majority to the contrary, the initial issue in this case is not "... whether the Legislature has taken away trial courts' inherent authority to impose conditions of bail in misdemeanor appeals or whether the Legislature has intended to prohibit trial courts from exercising their inherent authority to impose conditions of bail in misdemeanor appeals," *ante,* at 278; the issue is whether trial courts have a specific grant of legislative authority to impose conditions of bail in misdemeanor appeals.

Rules for fixing bail are governed by Chapter 17. Of the Code of Criminal Procedure. *Ex parte Davila,* 623 S.W.2d 408, 409 (Tex.Crim.App.1981). Once an accused has been found guilty and the appellate process begins, the application of Chapter 17 is "modified somewhat and supplemented by

additional relevant considerations reflected by the provisions of Article 44.04 ..." *Id.* at 410. The very language of Art. 44.04(a) reveals that a misdemeanant is entitled to release on reasonable bail pending appeal. Thus, the trial court must consider an application for bail, and it must do so in accordance with Art. 44.04. *Id.; see also Ex parte Byers,* 612 S.W.2d 534, 536 (Tex.Crim.App. 1980) (observing that Art. 44.04 confers a general right to bail after conviction, except in certain circumstances).

If the language of Art. 44.04 is clear and unambiguous, courts must give effect to its plain meaning. *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991). If its meaning is not clear, however, then this Court may consider extratextual factors to interpret the statute. *Id.* at 785–86. When a felony conviction is being appealed there is express statutory authority to impose reasonable conditions of bail. Art. 44.04(c); *Byers,* 612 S.W.2d at 536; *Davila,* 623 S.W.2d at 409; *Swinnea v. State,* 614 S.W.2d 453 (Tex.Crim. App.1981). There is no express statutory provision authorizing general conditions of bail pending appeal of a misdemeanor conviction.[3] *See* Art. 44.04(a). We have previously held that "the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others." *State v. Roberts,* 940 S.W.2d 655, 659 (Tex.Crim.App.1996); *Ex parte McIver,* 586 S.W.2d 851, 856 (Tex.Crim.App.1979). The lack of express statutory authority to impose conditions on misdemeanor appeal bonds appears to be intentional, particularly in light of the express grant of authority to do so in felony cases. Accordingly, the inevitable conclusion is that a trial court is without general authority to impose conditions on a misdemeanor appeal bond when there is no express statutory authority to do so.[4] As the

---

2. It is true that the Court of Appeals in *Easton* stated that courts have inherent power to place restrictive conditions on appeal bonds. *Easton,* 866 S.W.2d at 659. However, as noted above, that decision concerned an appeal of a felony conviction. Furthermore, the Court of Appeals cited *Estrada* as authority for its assertion; yet, *Estrada* itself, which dealt with conditions imposed pursuant to Art. 44.04(c), does not support that assertion.

3. State constitutional rights are not implicated, as the constitutional right to bail only extends to an accused, pre-conviction. TEX. CONST. art. I, § 11; *Ex parte Lowe,* 573 S.W.2d 245 (Tex.Crim. App.1978).

4. Such a result would not necessarily mean that trial courts would be wholly without authority to impose conditions on misdemeanor appeal bonds. The State implies that the specific provisions of Chapter 17 may control over the general

majority does not reach this conclusion, I cannot join its opinion.

The majority vacates the judgment of the Court of Appeals and remands the cause to the trial court for redetermination of bail. I would simply affirm the judgment of the Court of Appeals, which would result in remand to the trial court for redetermination of bail. Based on the foregoing, I concur only in the judgment of the majority.

WOMACK, J., concurring.

I join the judgment of the Court and, except for the paragraphs that contain footnotes 3 and 4, its opinion. Those paragraphs are unnecessary to the resolution of this case since, as the Court holds (*ante* at 279–280), the maxim of *expressio unius est exclusio alterius* does not apply to this case. And some of the language which those two paragraphs contain is at variance with the statement we recently made in *Williams v. State*, 965 S.W.2d 506, 507 (Tex.Cr.App.1998):

> The *expressio unius* maxim has had widespread legal application, although it is not a rule of law and there is nothing peculiarly legal about it. *Sutherland on Statutory Construction* § 47.24 (5th ed.1992). It is a product of logic and common sense, expressing the learning of common experience that when people say one thing they do not mean something else. *Ibid.* The maxim acts merely as an aid to determine intent in statutes, contracts, wills, trusts, and other documents. *Ibid.* The maxim has been held to be inapplicable if there is some special reason for mentioning one thing and none for mentioning another. *Id.,* § 47.23. En banc.

MANSFIELD, J., delivered the concurring and dissenting opinion.

I agree with the opinion of the majority that holds a trial court has inherent power in misdemeanor appeals to impose conditions on bail that directly or indirectly relate to the purpose of assuring the defendant's continued appearance. However, I respectfully submit that the trial court's inherent power

is not limited to setting conditions relating to the defendant's continued appearance.

I would hold that Texas Government Code 21.001 provides the trial courts of Texas broad inherent power to place *reasonable* conditions on appeal bonds in misdemeanor cases, subject to an abuse of discretion standard of review on appeal.

In the present case, appellant was convicted of cruelty to animals; it was clearly reasonable for the trial court, as a condition of his appeal bond, to order appellant not to train or board animals pending resolution of his appeal. The condition directly relates to the offense for which he was convicted; as such, it is not an abuse of discretion on the part of the trial court.

Accordingly, I would overrule the judgment of the court of appeals.

---

provisions of Art. 44.04, when the conviction appealed is for certain offenses (e.g., a defendant may be required to not communicate with or go near a child victim of certain offenses, as a

condition of bond under Art. 17.41). However, the specific provisions of Chapter 17 are not implicated in this case.