

IN THE
TENTH COURT OF APPEALS

_____

No. 10-14-00360-CR

_____

EX PARTE MICAH TUTTON

_____

From the 40th District Court
Ellis County, Texas
Trial Court No. 34649CR

## MEMORANDUM  OPINION

In one issue, appellant, Micah Tutton, argues that the trial court abused its discretion by denying his article 11.072 application for writ of habeas corpus based on a finding that he was required to register as a sex offender as a result of his juvenile adjudication in Johnson County, Texas.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014).  We affirm.

### I.    BACKGROUND

On February 18, 2010, Tutton was indicted in Ellis County, Texas, for failing to comply with the sex-offender registration requirements.  *See generally id*. art. 62.102 (West Supp. 2014).  Pursuant to a plea bargain with the State, Tutton pleaded guilty to the

charged offense and received a 730-day jail term and a $1,000 fine. However, the trial court suspended the prison sentence and placed Tutton on community supervision for a period of five years including installment payments of any fines and court costs as provided in the conditions of supervision. Orders modifying Tutton's community supervision were entered on September 13, 2010; May 11, 2011; and September 20, 2011.

On September 24, 2014, Tutton filed an article 11.072 application for writ of habeas corpus, asserting that: (1) he is innocent of the offense; (2) he received ineffective assistance of counsel at the time he entered into the plea bargain with the State; and (3) his plea was not knowingly and voluntarily made. Tutton argued that he had no duty to register as a sex offender because he completed a sex-offender treatment program, and because any duty to register stemming from Johnson County had been deferred.[1] In support of his application, Tutton included an affidavit, wherein he stated the following:

> I was charged with failure to register as a sex offender in Ellis County, Texas. The court appointed Charles Slaton to represent me. I met with Mr. Slaton twice, both times in court. He advised me that I did not stand a chance in trial and that it would be in my interest to accept a probated sentence. He never discussed any possible defenses. I told him that, in the back of my mind, I did not believe I was required to register, but I did not know exactly why and could not explain why. I knew I had completed the required treatment and that the juvenile matters had been deferred. Mr. Slaton, to my knowledge, did not follow up on the matter. Had I known

---

[1] Regarding Tutton's completion of the Pegasus sex-offender treatment program, the State argued in the trial court and on appeal that this requirement pertained to Tutton's conviction from Ellis County Court at Law Number Two, sitting as a juvenile court. The State further argued that Tutton's registration requirement stemmed from his Johnson County conviction, which resulted in Tutton being sentenced to the Texas Youth Commission ("TYC") for an indeterminate period of time and a deferral of the registration requirement until Tutton completed a TYC treatment program.

that I was not required to register, I would not have agreed to plead guilty, but would have contested the matter.

Tutton did not proffer any other evidence at that time, nor did Tutton's application refer to any other documents, exhibits, or attachments.

The State responded that Tutton had failed to carry his burden to show that he was not required to register as a sex offender and that Tutton was required to register at the time of his plea. The trial court denied Tutton's habeas-corpus application as frivolous without a hearing and made several findings of fact, including:

> The Court finds that Applicant failed to successfully complete the Texas Youth Commission's Sexual Behavior Treatment Program and is required to register as a sex offender due to his adjudication from Johnson County.

> The Court finds that the Johnson County order in Cause Number J04333 deferred the decision on requiring registration under Texas Code of Criminal Procedure article 62.352(b)(1) until Applicant completed treatment for his sexual offense as a condition of probation or while committed to the Texas Youth Commission and did not defer "until further order of the court."

> The Court finds that Applicant has failed to allege or prove any facts which, if true, would entitle him to relief; that there are no unresolved facts to be resolved; and that no hearing is necessary.

Shortly after the trial court's denial of the application, Tutton filed a "Supplemental Response and Unopposed Request for Rehearing" and filed additional documents "that need to be filed with the 11.072 Application for Writ of Habeas Corpus . . . ." Contrary to Tutton's assertion, the State objected to Tutton's request for a rehearing and argued that the newly-filed documents did not change the State's position

that Tutton was legally required to register as a sex offender. The trial court ultimately denied Tutton's rehearing request, and this appeal followed.

## II. TUTTON'S HABEAS-CORPUS APPLICATION

In his sole issue on appeal, Tutton contends that the trial court abused its discretion in denying his habeas-corpus application. Specifically, Tutton argues that he was not required to register as a sex offender because the Texas Youth Commission, not Tutton, was required by rule to register Tutton as a sex offender, and because the Texas Youth Commission rule purportedly requiring it to register Tutton irreconcilably conflicts with the Code of Criminal Procedure.

## A. Standard of Review

We review a habeas court's decision on an application for a writ of habeas corpus under an abuse-of-discretion standard. *Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). We review the record evidence in the light most favorable to the habeas court's ruling, and we must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see Ex parte Rodriguez*, 378 S.W.3d 486, 489 (Tex. App.—San Antonio 2012, pet. ref'd). We give almost total deference to the trial court's findings that are "'based upon credibility and demeanor.'" *Ex parte Amezquita*,

223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50

(Tex. Crim. App. 2004)).

> In habeas corpus proceedings, "[v]irtually every fact finding involves a credibility determination" and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). In an article 11.072 habeas case, such as the one before us, the trial court is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). "There is less leeway in an article 11.072 context to disregard the findings of the trial court" than there is in an article 11.07 habeas case, in which the Court of Criminal Appeals is the ultimate fact finder.

*Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). We must also defer

"not only to all implicit factual findings that the record will support in favor of a trial

court's ruling, 'but also to the drawing of reasonable inferences from the facts.'" *Amador*

*v. State*, 221 S.W.3d 666, 674-75 (Tex. Crim. App. 2007) (quoting *Kelly v. State*, 163 S.W.3d

722, 726 (Tex. Crim. App. 2005).

## B.    Discussion

None of the arguments made by Tutton on appeal were made in his habeas-corpus

application.[2] To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the

complaining party to make a specific objection or complaint and obtain a ruling thereon

---

[2] Tutton's appellate complaints also do not comport with the arguments made in his "Supplemental Response and Unopposed Request for Rehearing." However, this is not central to this appeal because Tutton only challenges the trial court's denial of his habeas-corpus application, and the arguments made in his "Supplemental Response and Unopposed Request for Rehearing" were not before the trial court at the time the trial court denied Tutton's habeas-corpus application. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002) ("Finally, an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.") (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)).

before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) ("[A]n objection stating one legal theory may not be used to support a different legal theory on appeal."); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998) (holding that the issue of excessive bond would not be addressed on appeal when it was not included in a habeas application that was the basis of the appeal), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *see also Landrum v. State*, No. 10-13-00281-CR, 2014 Tex. App. LEXIS 10194, at *17 (Tex. App.—Waco Sept. 11, 2014, pet. ref'd) (mem. op., not designated for publication) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. Accordingly, because appellant's issue does not comport with the argument made at trial, this issue presents nothing for review . . . ." (internal citations omitted)). Because Tutton's appellate complaints do not comport with the arguments made in the trial court, we cannot say that Tutton has preserved his appellate complaints for our review. *See* TEX. R. APP. P. 33.1(a); *see also Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273.

In any event, even if Tutton had preserved this issue for review, the record does not indicate that Tutton satisfied his burden of proving facts which would entitle him to habeas relief. In his application, Tutton provided only an affidavit in which he stated that he did not believe when he entered his guilty plea that he had to register as a sex offender. Besides his own speculation, Tutton does not refer to any exhibits or documents in his application. On the record as presented to the trial court, even including the exhibits that were allegedly left out of the original documents supporting the petition and presented to the habeas court with the request for rehearing, the trial court's finding that "the Applicant has failed to allege or prove any facts which, if true, would entitle him to relief" is the only finding upon which the judgment is necessarily based, and the only one required to support the judgment. Because the failure to register was allegedly based on the Johnson County judgment and his discharge from TYC, those documents were critical to a proper determination of the petition for writ of habeas corpus on the basis now argued by Tutton on appeal. Those documents do not appear in the habeas record. Further, it does not appear that Tutton focused on the Johnson County judgment and TYC discharge until appeal and, thus, Tutton presents an argument on appeal that was not presented to the habeas court; this explains why those documents are not part of the habeas record. The problem for Tutton is that without the documents that show the Johnson County adjudication and TYC discharge in the record, the habeas court was

constrained by the record to hold that Tutton had failed to allege facts, which, if true, would entitle him to relief.

Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion in denying Tutton's application. *See Ex Parte Wheeler*, 203 S.W.3d at 324; *Kniatt*, 206 S.W.3d at 664; *see also Ex parte Rodriguez*, 378 S.W.3d at 489. We overrule Tutton's sole issue on appeal.

### III.   CONCLUSION

Having overruled Tutton's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 9, 2015
Do not publish
[CR25]

