

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00372-CV

## EX PARTE MILTON LEE GARDNER

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. J-291-A-1

## MEMORANDUM OPINION

Milton Lee Gardner was adjudicated delinquent in August of 1996 for committing the offense of assault on a peace officer.[1] He was committed to the Texas Youth Commission for an indeterminate period of time not to exceed his 21st birthday. After unsuccessfully attempting to challenge his juvenile adjudication in the Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure in April of 2015, Gardner filed a petition for writ of habeas corpus under article 5 of the Texas Constitution in June of 2015 which also challenged his juvenile adjudication. The State contended that Gardner's petition was barred by the equitable doctrine of laches. The trial court denied

---

[1] According to the trial court's findings of fact and conclusions of law, Gardner is currently in prison serving a 60 year sentence for "Aggravated Assault - Family Violence with a Deadly Weapon."

Gardner's petition.  Because the trial court did not err in denying Gardner's petition for writ of habeas corpus, we affirm the trial court's judgment.

**LACHES**

Gardner first complains that the trial court erred in denying his application for writ of habeas corpus because Gardner claimed he was denied the right to a jury trial at his juvenile adjudication hearing.  Specifically, he contends that because there is no written waiver of his right to a jury trial in the clerk's record of the adjudication proceeding, the juvenile court's bench trial adjudicating Gardner delinquent was void; thus, habeas relief should have been granted.  Within this issue, he also complains that the trial court erred in finding that this claim was barred by laches. [2]

In his initial brief to us, Gardner asserts that his habeas claim was not barred by laches, citing the Court of Criminal Appeals' opinion in *Ex parte Carrio*, 992 S.W.2d 486 (Tex. Crim. App. 1999).  In *Carrio*, the Court followed the federal laches procedure and required the State to show a particularized prejudice, among other requirements, when asserting laches.  *Id*. at 488.  Gardner claimed the State could not show a particularized prejudice and, therefore, was not entitled to prevail on its laches argument.  However, when the State pointed out in its brief to this Court, as it did in the trial court, that the manner in which a laches complaint is reviewed was altered, specifically deleting the particularize prejudice requirement, by the Court of Criminal Appeals in *Ex parte Perez*,

---

[2] Gardner raised other claims in his habeas petition.  He does not contest the trial court's ruling on those claims.

398 S.W.3d 206 (Tex. Crim. App. 2013), Gardner changed his tune.  In his reply brief, supplemental reply brief, and reply to the State's reply brief,[3] Gardner urges this Court to follow the civil standard of reviewing claims of laches because juvenile proceedings are civil in nature and not to be treated as criminal cases.  But, Gardner's argument continues, regardless of the standard used, civil or criminal, the State cannot prove laches.[4]  We disagree with Gardner.

In the criminal context, the equitable doctrine of laches bars habeas relief "when an applicant's unreasonable delay has prejudiced the State, thereby rendering consideration of his claim inequitable."  *Ex parte Perez*, 398 S.W.3d 206, 219 (Tex. Crim. App. 2013); *see also Ex Parte Smith*, 444 S.W.3d 661, 666-67 (Tex. Crim. App. 2014).  No "particularized showing of prejudice" is required of the State, and prejudice has been broadly defined "to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief."  *Perez*, 398 S.W.3d at 215.  Proof of prejudice is applied on a sliding scale where "the longer the delay, the less prejudice must be shown."  *Id*. at 219.

In the civil context, to invoke the equitable doctrine of laches, the moving party

---

[3] Gardner's motion for leave to file the reply to the State's reply is granted.

[4] Because Gardner contends the State loses under either standard, we need not decide which standard is the appropriate one to use.

ordinarily must show 1) an unreasonable delay by the opposing party in asserting its rights, and 2) the moving party's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010). "Equity aids the diligent and not those who slumber on their rights." *Callahan v. Giles*, 576, 155 S.W.2d 793, 795 (1941).

Here, the record shows that Gardner waited almost 20 years to assert in a habeas petition that he was denied the right to have a trial by jury in his juvenile adjudication proceeding. Although there is no signed waiver of a jury trial in the clerk's record of the juvenile proceeding, the Family Code does not prohibit oral waivers. *See* TEX. FAM. CODE ANN. § 51.09(4) (West 2014). The record also shows that the assistant district attorney who participated in the prosecution of Gardner's case has no "direct recollection" of the case, the district attorney at the time Gardner was adjudicated is now deceased, and the juvenile court judge is retired.

The reporter's record may have shown an oral waiver, but the court reporter destroyed her notes of the proceeding. The Texas Government Code provides that a reporter, *on request*, shall preserve the notes for future reference for three years from the date on which they were taken. TEX. GOV'T CODE ANN. § 52.046(a)(4) (West 2013). Because Gardner did not appeal his juvenile adjudication, the reporter could have destroyed her notes three years after Gardner's adjudication. Instead, the reporter waited 15 years to do so, possibly relying on Texas Rule of Appellate Procedure 13. TEX. R. APP.

P. 13.6 (When a defendant is convicted and sentenced and does not appeal, the reporter must file the untranscribed notes with the trial court clerk who is not required to keep those notes beyond 15 years). Additionally, Gardner's counsel's records of the adjudication proceeding were destroyed as early as 2010 or as late as 2014. Thus, there is nothing on record to show whether or not Gardner waived his right to a jury trial, and because Gardner waited until after all other documentation was destroyed, the State is prejudiced in its ability to respond Gardner's habeas claim.

Under either standard, an almost 20 year delay in bringing this claim is unreasonable.[5] Further, the State has been placed in a less favorable position than it would have been had Gardner brought his habeas claim (criminal standard); and changed its position to its detriment by destroying records in good faith (civil standard). Accordingly, the trial court did not err in determining the doctrine of laches applied to bar Gardner's habeas claims.

Gardner's first issue is overruled.

OTHER ISSUES

In his second and third issues, Gardner complains that the juvenile court erred in failing to advise him of the procedures for sealing the record under Texas Family Code

---

[5] Gardner complains that he was not able to show his reason for the delay in bringing his claim because no evidentiary hearing was held. The State filed its response asserting laches in June of 2015. The trial court did not deny Gardner's writ until October of 2015. As is evident from the record, Gardner filed many documents after the State's response and had ample time to inform the court of the reason for his delay in filing a habeas if he had one.

section 58.003 and that the juvenile court erred in failing to allow Gardner's counsel ten days for trial preparation. Neither of these arguments on appeal were raised in his habeas petition to the trial court. Thus, the trial court had no opportunity to review those claims.

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court. *See* TEX. R. APP. P. 33.1(a). Because Gardner did not raise these claims in his petition for writ of habeas corpus, his complaints on appeal do not comport and are not preserved for our review. *See Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998) (holding that the issue of excessive bond would not be addressed on appeal when it was not included in a habeas application that was the basis of the appeal), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *see also Ex parte Tutton*, No. 10-14-00360-CR, 2015 Tex. App. LEXIS 7069, *6-7 (Tex. App.—Waco 2015, pet. ref'd) (mem. op.). This same concept of preservation has been applied in civil cases. *See In the Interest of D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied). *See also In the Interest of L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003); *In the Interest of E.M.*, No. 10-14-00313-CV, 2015 Tex. App. LEXIS 5490, *36 (Tex. App.—Waco 2015, pet. denied) (mem. op.). We do not see a reason why it would not apply here as well.

Accordingly, Gardner's second and third issues are not preserved and are overruled.

**CONCLUSION**

Having overruled each of Gardner's issues on appeal, we affirm the trial court's

order denying Gardner's application for writ of habeas corpus.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 12, 2016
Do not publish
[CV06]

